Eric WASHINGTON *v.* STATE of Arkansas

CR 94-1096                                     892 S.W.2d 505

Supreme Court of Arkansas
Opinion delivered February 20, 1995

*Daniel D. Becker* and *Terri L. Harris*, for appellant.

*Winston Bryant*, Att'y Gen., by: *J. Brent Standridge*, Asst. Att'y Gen., for appellee.

DONALD L. CORBIN, Justice. Appellant, Eric Washington, appeals a judgment of the Garland County Circuit Court convicting him of two counts of delivery of a controlled substance, fining him $10,000, and sentencing him to forty years in the Arkansas Department of Correction. We have jurisdiction of this case because a cumulative sentence of more than thirty years was imposed. Ark. Sup. Ct. R. 1-2(a)(2). Appellant asserts two points of error. We find no merit and affirm the judgment.

The state presented evidence that on two occasions appellant sold rock cocaine to an agent of the Arkansas State Police, Tommy Pope, who was working with a confidential informant. Sergeant Pope testified appellant first sold him five rocks of cocaine for $100 on December 2, 1992 and then sold him $50 worth of cocaine on December 7, 1992. Kim Brown, a chemist from the Arkansas State Crime Laboratory, testified she analyzed

both envelopes of rocks received from Sergeant Pope and determined them to be of a cocaine base weighing 0.664 gram and 0.319 gram. After hearing the foregoing evidence, the jury returned verdicts of guilty on both counts of delivery.

As his first point for reversal, appellant contends the trial court erred in not directing a verdict in his favor. Appellant timely moved for a directed verdict on the specific grounds that the state had not proven cocaine was a Schedule II controlled substance. The trial court denied the motion, stating that it was taking judicial notice that cocaine was a narcotic and a Schedule II controlled substance. On appeal, appellant argues the particular classification of a controlled substance is an element of the state's proof. This argument is wholly without merit.

Our law is well-established that courts may take judicial notice of agency regulations adopted pursuant to law, and that it is not necessary to formally introduce the regulations into evidence for the court to do so. *See, e.g., Grable* v. *State*, 298 Ark. 489, 769 S.W.2d 9 (1989) (citing *State* v. *Martin and Lipe*, 134 Ark. 420, 204 S.W. 622 (1918)) and *Seubold* v. *Fort Smith Special Sch. Dist.*, 218 Ark. 560, 237 S.W.2d 884 (1951)). Arkansas courts have long taken judicial notice of the State Health Department's regulations classifying controlled substances into particular schedules. *See, e.g., Johnson* v. *State*, 6 Ark. App. 78, 638 S.W.2d 686 (1982). As observed in *Johnson*, the Director of the State Health Department is given authority to designate controlled substances pursuant to Ark. Code Ann. § 5-64-201 (Repl. 1993). Section 5-64-201 requires the Director's schedules to be adopted in accordance with the Arkansas Administrative Procedure Act, Ark. Code Ann. §§ 25-15-201 to -214 (Repl. 1992 & Supp. 1993). Thus, the schedule of controlled substances is a regulation promulgated by a state agency pursuant to statute and in accordance with state procedural requirements. The schedule or agency regulation is a part of the substantive law the trial court must determine and then apply to the facts of the case before it. *See generally*, 1 Jack B. Weinstein & Margaret A. Berger, *Weinstein's Evidence* ¶ 200[02] (1994).

Appellant acknowledges that courts have taken judicial notice of a rule or regulation, but contends the case of *Lively* v. *State*, 25 Ark. App. 198, 755 S.W.2d 238 (1988), changed that

practice so that a court can take judicial notice of the classification of controlled substances only at a bench trial. We observe that *Lively* was indeed a bench trial case, however, the court of appeals did not limit its ruling to bench trials only. Moreover, taking judicial notice of a regulation is akin to taking judicial notice of a statute or other form of law upon which the judge instructs a jury. Therefore, we see no reason for distinguishing jury trials from bench trials when taking judicial notice of a regulation.

The state offered evidence, via the testimony and report of Kim Brown, that the substance sold to Sergeant Pope was cocaine. The current regulation classifies cocaine as a Schedule II controlled substance. Accordingly, the trial court did not err in taking judicial notice of that classification of cocaine and, therefore, did not err in denying appellant's motion for directed verdict.

As his second point for reversal, appellant argues the trial court erred in denying his request to instruct the jury on the lesser included offense of possession of a controlled substance. Appellant proffered an instruction on the offense of possession which the trial court refused, stating there was no evidence to support the giving of such an instruction. Appellant relies on *Glover v. State*, 273 Ark. 376, 619 S.W.2d 629 (1981), and argues that since this court has previously held that possession is a lesser included offense of delivery because one cannot deliver a controlled substance without exercising dominion and control over it, it was error to refuse the proffered instruction on possession in this case.

The instant case is similar to *Whitener v. State*, 311 Ark. 377, 843 S.W.2d 853 (1992), in that the charge and proof by the state were for the actual delivery of a controlled substance, and the defendant did not testify. As this court stated in *Whitener*, it is possible that the jury could have disregarded the proof of delivery and acquitted the defendant; however, based on the particular proof presented, no rational basis for such a verdict exists. It is not error to refuse an instruction when no rational basis supports the giving of the instruction. *Whitener*, 311 Ark. 377, 843 S.W.2d 853 (citing *Frazier v. State,* 309 Ark. 228, 828 S.W.2d 838 (1992)). Accordingly, the trial court did not err in refusing the proffered instruction on possession.

The judgment is affirmed.