Michael Sherman PHILLIPS *v.* STATE of Arkansas

CR 97-814                            965 S.W.2d 137

Supreme Court of Arkansas
Opinion delivered March 19, 1998

*Joel O. Huggins*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Gil Dudley*, Asst. Att'y Gen., for appellee.

TOM GLAZE, Justice. Appellant Michael Sherman Phillips brings this appeal from jury verdicts and convictions finding him guilty on the charges of possession of heroin with the intent to deliver and accomplice to the delivery of cocaine. His sole point for reversal is that the trial court erred by refusing to instruct the jury on possession of heroin as a lesser included offense. We affirm.

Phillips was arrested for and charged with the two drug crimes as a result of drug transactions on June 18 and 19, 1996. The Fourth Judicial Drug Task Force (DTF) utilized a confidential informant named Jerry Hernandez to purchase marijuana from Brad Goss, the target of DTF's investigation. During his first buy from Goss on June 18, Hernandez inquired about purchasing more marijuana, as well as methamphetamine, and Goss said he should have some later that night. Hernandez then left Goss to join police officers, and told them he thought he could get a quantity of methamphetamine from Goss. The officers gave Hernandez $960.00 to make another purchase from Goss, and wired Hernandez so they could monitor the second buy. Early on the morning of June 19, Hernandez entered Goss's apartment and was informed by Goss that no marijuana or methamphetamine was available, but that he could purchase some cocaine. Hernandez asked how much cocaine he could get for $960.00, whereupon, Goss went outside his back door to confer with Phillips, and returned with about a half ounce of cocaine. After Hernandez gave the money to Goss, Goss returned to the back door, and gave it to Phillips. The police then entered Goss's apartment, arrested Goss and his girlfriend, and also arrested Phillips who was outside, near Goss's back door. Inside the apartment, the officers found cocaine, marijuana, numerous items of paraphernalia, and heroin. Phillips was searched, and officers found $1,400.00, including the $960.00 "buy money." They also found on him about one-half a gram of heroin.

At trial, Phillips did not testify or offer any evidence in his defense concerning the heroin found on him and in Goss's apart-

ment. The State, on the other hand, presented seven witnesses, including Goss and the officers involved in Phillips's arrest. The officers testified, giving details of the two buys, the seizing of the heroin from Phillips, and the obtaining of drugs from Goss's apartment. Goss testified that he received the heroin found in his residence from Phillips only fifteen minutes before the officers' raid, and explained that the heroin was for having arranged the drug transactions between Phillips and Hernandez.

Although Phillips had offered no evidence, he requested the trial court to give an instruction on the lesser-included offense of possession. He claimed that he was entitled to the instruction based on the State's testimony, indicating that only a "user amount" of heroin was found on Phillips. The trial court denied Phillips's request because Phillips had offered no testimony to support such an instruction, but instead denied being guilty of any charge. The trial court was correct.

■ Our court has consistently held that, where the evidence shows the guilt of the defendant as to the greater offense, it is not error to refuse instructions on the lesser-included offenses. *Taylor v. State*, 303 Ark. 586, 799 S.W.2d 519 (1990). The case of *Dollar v. State*, 287 Ark. 61, 697 S.W.2d 868 (1985), is directly on point. There, Dollar asserted he was entitled to a lesser-included instruction on possession because he only intended to personally use the marijuana, which had been seen thrown from his and accomplice Joe Cross's truck. Like Phillips in the present case, Dollar did not testify, but his accomplice, Cross, did. Cross's testimony reflected that Dollar's truck was used to harvest the marijuana, and that they planned to divide it between them. In upholding the trial court's ruling to deny an instruction on possession, this court stated there was no testimony given that afforded a rational basis for concluding that Dollar only wanted the marijuana for personal use.

Our decision in *Whitener v. State*, 311 Ark. 377, 843 S.W.2d 853 (1992), is also on point and controlling. In *Whitener*, an undercover officer purchased a quarter-ounce bag of marijuana from Whitener for $30.00, and based on that sale, Whitener was charged with delivery of marijuana. At trial, Whitener chose not

to testify, but requested a jury instruction on the lesser-included offense of possession of marijuana, which the trial court denied, finding no rational basis to give the instruction. On appeal, this court affirmed the trial court's ruling, stating as follows:

> The charge and proof by the State were for the actual delivery of marijuana, and Whitener did not testify. A jury, conceivably could have disregarded [the State's proof], acquitted Whitener of delivery, and found her guilty of the less serious charge of possession, but any rational basis for such a verdict is not readily apparent.

In *Washington v. State*, 319 Ark. 583, 892 S.W.2d 505 (1995), we again upheld the trial court's refusal to instruct on the possession charge where the defendant did not testify and the State offered proof of delivery. We said that, based on the proof presented, no rational basis for a lesser verdict existed.

█ Here, unlike *Whitener* and *Washington*, the charge against Phillips by the State was not for the actual delivery of the heroin to Goss, but for possession with intent to deliver the heroin police found on Phillips. The State's evidence shows the officers found approximately one-half a gram, or 500 milligrams, of heroin on Phillips at the time of his arrest. That amount is five times in excess of the quantity limit of 100 milligrams required in Ark. Code Ann. § 5-64-401(d) (Repl. 1997) to create a rebuttable presumption that Phillips possessed the heroin with the intent to deliver. Section (d) provides that the presumption for heroin may be overcome by the submission of evidence sufficient to create a reasonable doubt that the person charged possessed a controlled substance with intent to deliver. However, Phillips presented no evidence to rebut the statutory presumption. For a jury to find on the evidence presented that Phillips had only a personal use interest in the heroin found on him, it would have had to disregard the statutory presumption that Phillips possessed the heroin with the intent to deliver.

█ Additionally, the jury would have had to ignore the evidence in the record indicating that Phillips and Goss were both drug dealers. When police searched Goss's apartment, they found cocaine, marijuana, heroin, and drug paraphernalia, including syr-

inges and two sets of scales. Goss's uncontroverted testimony established that Phillips had provided Goss with the cocaine and marijuana he sold to Hernandez, as well as the cocaine, marijuana, and heroin found in Goss's apartment. Goss testified that one set of scales found in his apartment actually belonged to Phillips, and that Goss had borrowed them to "weigh up" some marijuana. Goss also stated Phillips owned another set of scales that "fit in your pocket," that Phillips told him he used to "weigh up" the cocaine that was sold to Hernandez. This, in addition to the fact that Phillips was arrested with $1,400.00 in his pocket — $960.00 of that the DTF's "buy money" — is more than sufficient to show that Phillips and Goss were drug dealers, and Phillips offered no evidence to the contrary. Because there was no rational basis to give an instruction on mere possession, the trial court ruled correctly to exclude it.

We affirm.