STATE of Arkansas *v.* Mike J. JONES

CR 99-352 3 S.W.3d 675

Supreme Court of Arkansas
Opinion delivered October 14, 1999

*Mark Pryor*, Att'y Gen., by: *David R. Raupp*, Ass't Att'y Gen., for appellant.

*Witt Law Firm, P.C.*, by: *Ernie Witt*, for appellee.

ANNABELLE CLINTON IMBER, Justice. Mr. Mike J. Jones was charged with boating while intoxicated (BWI) under Ark. Code Ann. § 5-76-102 (Repl. 1997). The trial court ruled that the Arkansas Department of Health had not adopted or promulgated regulations for alcohol testing in BWI cases as required by Ark. Code Ann. § 5-76-106(a) (Repl. 1997). Accordingly, the trial court suppressed the breathalyzer test results and granted Mr. Jones's motion for a directed verdict of acquittal. On appeal, the State argues that the trial court erred because the State Health Department had promulgated regulations for alcohol

testing that apply equally to driving-while-intoxicated (DWI) prosecutions filed under Ark. Code Ann. § 5-65-101 *et. seq.* (Repl. 1997), and boating-while-intoxicated prosecutions filed under Ark. Code Ann. § 5-76-101 *et. seq.* (Repl. 1997). Mr. Jones responds that the State is procedurally barred from pursuing its arguments on appeal, and that suppression of the test results is also warranted because the rights form used by the officers contained inaccurate information. We reverse and remand.

Mr. Jones was arrested on May 25, 1998, for suspicion of boating while intoxicated (BWI). Law enforcement officers asked Mr. Jones to submit to a breathalyzer test. In that regard, he was given several forms, including a statement of rights form that contained information about the consequences of refusing to submit to the test. Mr. Jones submitted to a breathalyzer test, which indicated a breath alcohol concentration of .172, and he was given a citation for boating while intoxicated. He pled no contest to the charges in municipal court and was convicted of the offense. Mr. Jones then appealed the conviction to circuit court and moved to suppress the introduction of his breathalyzer test results on grounds that the State Health Department failed to promulgate regulations for alcohol testing in BWI offenses as required by Ark. Code Ann. § 5-76-106(a). Mr. Jones also argued that he was not properly advised of the consequences of a refusal to submit to the test. The State responded that alcohol-testing regulations promulgated by the State Health Department under the DWI statute also applied to prosecutions under the BWI statute. The trial court granted Mr. Jones's motion, suppressed the test results, and dismissed the charges against Mr. Jones.

On appeal, the State argues that the State Health Department in fact did promulgate and adopt regulations for alcohol testing pursuant to Ark. Code Ann. § 5-76-106(a), and that these regulations were in force and applicable to both DWI and BWI offenses at the time of the offense and at the time the trial court suppressed the test results and dismissed the charges against Mr. Jones. We agree.

■ Arkansas Code Annotated sections 5-76-101 *et seq.* became effective on May 1, 1995, pursuant to Act 518 of 1995 and the emergency clause contained therein. Arkansas Code

Annotated § 5-76-106(a) specifically gives the State Health Department the authority to enact regulations to implement the purposes of the chapter entitled "Operation of Motorboats While Intoxicated":

> The State Board of Health is authorized to adopt appropriate regulations to carry out the intent and purposes of this chapter, and only machines or instruments approved by the board as meeting the requirements of this section and § 5-76-105 and regulations of the board shall be used for making the breath analysis for determining blood alcohol content.

Pursuant to these provisions, the State Health Department adopted revised "Regulations for Alcohol Testing" on November 15, 1995, five months after the passage of Act 518 of 1995. These regulations provide that they are:

> Duly adopted and promulgated by the Arkansas Department of Health as approved by the Arkansas State Board of Health pursuant to the authority expressly conferred by the laws of the State of Arkansas, Act 106 of 1969, as amended and Act 346 of 1957 as amended, the same being Arkansas Code, Title 5, Chapter 65 *and Act 518 of 1995 as amended.*

*See* Arkansas Regulations for Alcohol Testing (1995 4th Revision), prefatory statement of Authority (emphasis added). Thus, it is clear that regulations for alcohol testing were adopted and promulgated by the State Health Department pursuant to the authority of both the DWI statute and the BWI statute, and that the same testing procedures apply to prosecutions under either statute. The trial court, therefore, erred when it ruled that no regulations had been adopted or promulgated in accordance with the requirements of Ark. Code Ann. § 5-76-106(a).

Nevertheless, Mr. Jones argues that the State is procedurally barred from pursuing its argument on appeal because it failed to request that the trial court take formal judicial notice of the regulations. This argument is without merit.

██ We have addressed the issue of judicial notice frequently in appeals involving regulations. *See Peters v. State,* 321 Ark. 276, 902 S.W.2d 757 (1995); *Washington v. State,* 319 Ark. 583, 892 S.W.2d 505 (1995); *Arkansas Alcoholic Beverage Control Bd. v. Muncrief,* 328 Ark. 373, 825 S.W.2d 816 (1992); *Mitchell v.*

*State,* 298 Ark. 536, 769 S.W.2d 18 (1989); *St. Paul Ins. Co. v. Touzin,* 267 Ark. 539, 592 S.W.2d 447 (1980); *Seubold v. Ft. Smith Special Sch. Dist.,* 218 Ark. 560, 237 S.W.2d 884 (1951). A party is not required to formally proffer, prove, or introduce published regulations into evidence, so long as that party's reliance on such regulations is brought to the attention of the trial court. *See, e.g., Peters, supra; Mitchell, supra; Touzin, supra.* This is because regulations adopted pursuant to the authority of a statute are considered part of the substantive law of this State, thus creating a presumption that the trial court judicially knows them. *Manufacturer's Casualty Ins. Co. v. Hughes,* 229 Ark. 503, 316 S.W.2d 829 (1984). *See also Greene v. State,* 335 Ark. 1, 977 S.W.2d 192 (1998) ("although that rule [Ark. R. Civ. P. 44.1, entitled "Determination of Foreign Law"] is to be applied in civil cases, it makes clear this Court's position that foreign law is unlike the law of this State of which the courts presumably have inherent knowledge."). An agency regulation is part of the substantive law the trial court must determine and then apply to the facts of the case before it. *Washington, supra.* In *Touzin, supra,* we succinctly stated what is required to preserve arguments premised upon regulations for appeal:

> Judicial notice may be taken of [a] regulation, but the proper procedure is for the party relying on such judicial notice to aid the court or administrative law judge by *calling attention to that regulation.*

(Emphasis added.)

■ In the instant case, the State argued to the trial court that the alcohol testing was conducted in a manner already approved by the State Health Department and that the standards, machinery, and certification procedures mandated for alcohol testing under the DWI statute were also applicable to testing under the BWI statute. The State's argument to the trial court is reflected in the following colloquy:

> THE COURT: Do you agree with Mr. Witt that the State Department of Health has not promulgated rules with reference to DWI?[1]

---

[1] The court's question refers to an earlier statement by Mr. Jones's counsel:

Ms. CAPLINGER (*For the State*): They have reference—

MR. WITT: To boating.

THE COURT: To boating.

Ms. CAPLINGER: Your honor, that's my argument, is that they have promulgated instructions for DWI and since the intent is the same and the equipment used is the same—

THE COURT: Let me see the statute. Do you have the statute?

\* \* \*

THE COURT: What do you say, what do you say here, Ms. Caplinger, about chemical analysis of person's blood, urine, or breath to be considered valid under this provision? It says it must be performed according to methods approved by the State Board of Health or by an individual possessing a valid permit issued by the Department of Health.

Ms. CAPLINGER: Your Honor, the tests were conducted by a method approved by the Arkansas Department of Health under the DWI law. They have the equipment there that has already been approved.

THE COURT: Okay.

Ms. CAPLINGER: The intent of the law is the same as the DWI law. I do not think that there should be any problem. The standards are the same. It's point-one-zero. That machine has already been approved by the Arkansas Department of Health for the testing of blood alcohol content in the blood. Our operators are certified. The machinery is in fine condition.

Based upon this colloquy, we hold that the State's argument was sufficient to place the trial court on notice that it was relying on the "Regulations for Alcohol Testing" promulgated by the State Health Department for DWI violations. While the trial court did not orally take formal judicial notice of the regulations, there is no doubt that it was made aware of the State's reliance upon them, and of their possible application in light of the specific regulatory

---

MR. WITT (*Defense counsel*): I state as an officer of this court there are no State Board of Health regulations pertaining to the charge of boating while intoxicated. As an officer of this court, I state to you that I contacted the State Board of Health and they have not adopted any regulations whatsoever in this area.

authority delegated to the State Health Department by Ark. Code Ann. § 5-76-106.

■ We recognize that the State did not directly contradict the defense counsel's assertions by stating that the regulations had been promulgated under the specific authority of Ark. Code Ann. § 5-76-106, and that, had either party actually produced a copy of these regulations to the court, the question here presented would have been immediately resolved. However, as stated above, it is not incumbent upon a party to actually produce or introduce such regulations. *Washington, supra; Mitchell, supra.* Here, the agency regulations were issued pursuant to a statutory directive, thus making them a part of the substantive law which the trial court must determine and apply to the facts of the case before it. *See Washington, supra.* Although the trial court obviously relied upon the bare assertions of defense counsel in making its ruling, the fact remains that it was put on notice by the State and by the statute itself that these regulations might be applicable substantive law. Once this was done, it was incumbent on the trial court to determine whether these regulations were substantive law and then apply them to facts of the case before it. *Washington, supra.* We therefore conclude that this issue is properly preserved for appeal.

■ For similar reasons, we reject Mr. Jones's related assertion that the State has changed its argument on appeal. In order for us to consider an argument on appeal, it is necessary that there be an objection in the trial court that is sufficient to apprise the court of the particular error alleged. *Ayers v. State,* 334 Ark. 258, 975 S.W.2d 88 (1998). A party cannot change the grounds for an objection or motion on appeal, but is bound by the scope and nature of the arguments made at trial. *Ayers, supra; Henderson v. State,* 329 Ark. 526, 953 S.W.2d 26 (1997).

■ As previously noted, the State argued below that the State Health Department's regulations for alcohol testing in the prosecution of DWI offenses are the same regulations to be employed in the prosecution of BWI offenses. In fact, this is correct. The State Health Department's regulations for alcohol testing are the same for both statutes. Ark. Reg. Alcohol Testing, *supra.* On appeal the State simply strengthens that argument by its citation to specific authority in the regulations that states these regulations were specifically promulgated under the authority of

both statutes. The argument remains premised on the fact that the same regulations for alcohol testing apply to both statutes. Thus, we conclude that the State has not changed the scope or nature of its argument on appeal.

■ Mr. Jones next argues that the State's failure to include the Department's "Regulations for Alcohol Testing" in its abstract is a procedural bar. However, we have stated repeatedly that we will take judicial notice of regulations of state agencies which are published, regardless of whether or not they are abstracted. *McKinley v. Arkansas Dep't of Human Servs.*, 311 Ark. 382, 844 S.W.2d 366 (1993). As the regulations at issue here are published and specifically referenced by statute, we find no deficiency in the State's abstract.

■ Mr. Jones finally argues an alternative basis for upholding the trial court's ruling suppressing his test results. In that regard, he asserts that he was given inaccurate information about the consequences of refusing to submit to the test, which coerced him into taking the breathalyzer test. This argument, however, is premature. The record has not been fully developed by the presentation of testimony and evidence, nor has the trial court ruled on this issue. Hence, we are unable to address Mr. Jones's alternative argument in this appeal.

Reversed and remanded.

GLAZE, J., dissents.

TOM GLAZE, Justice, dissenting. The majority opinion cites the appropriate law, but then reaches the wrong result. Act 518 of 1995 prohibits the operation of a motorboat while under the influence of alcohol and authorizes the State Board of Health to adopt regulations to carry out the purposes of the Act. The problem here is that the deputy prosecutor was unaware that the Board had promulgated a regulation approving machines to be used for making the breath analysis for determining blood-alcohol content where motorboats were involved. As a result, the deputy prosecutor urged that although the Board had no regulation covering watercraft, the trial court should apply those regulations promulgated for blood analysis in DWI cases.

As the majority opinion mentions, a party is not required to proffer or introduce regulations, so long as that party's reliance on *such regulation is brought to the trial court's attention*. *St. Paul Ins. Co. v. Touzin*, 267 Ark. 539, 592 S.W.2d 447 (1980). (Emphasis added.) Here, no one ever apprised the trial judge that the Board of Health ever promulgated a regulation pertaining to alcohol testing where watercraft were involved. Instead, the State pointed to the DWI regulation which appeared inapplicable to motorboats. Surely, the trial court was entitled to have the State place the court on notice that the Board had enacted a regulation that related to persons who are alleged to have illegally operated a watercraft while under the influence of alcohol.

On appeal, the State now includes as a part of its argument the point that the Board of Health had actually adopted a regulation that applied existing DWI testing procedures to both vehicles and watercraft. The majority opinion adopts the State's argument even though this regulation and argument were never brought to the trial court's attention below and are introduced for the first time on appeal. As we have repeatedly held over the years, a party cannot change the grounds for an objection or motion on appeal, but is bound by the scope and nature of the arguments made at trial. *Henderson v. State*, 329 Ark. 526, 953 S.W.2d 26 (1997).

Here, the trial court was misled by the deputy prosecutor's silence when the trial judge at trial said that it "has not had anything from the state to indicate that the Health Department has done that with reference to boating cases." In other words, the State below not only failed to direct the trial judge's attention to the regulation covering watercraft, it also indicated to the judge that no such regulation existed. The State introduced the error in this case, not the trial judge.

For the reasons above, I would affirm the trial court's ruling.[1]

---

[1] It is noted that, while the deputy prosecutor stated at trial that she believed the State had enough evidence without a blood test to show Mike J. Jones had violated boating while intoxicated under Act 518, the State opted not to proceed. Thus, this appeal ensued without the State putting on its case.