Frederick R. DANIELS *v.* STATE of Arkansas

CA CR 03-398                                    139 S.W.3d 140

Court of Appeals of Arkansas
Division IV
Opinion delivered December 17, 2003

*John F. Gibson, Jr.*, for appellant.

*Mike Beebe*, Att'y Gen., by: *David J. Davies*, Ass't Att'y Gen., for appellee.

JOHN B. ROBBINS, Judge. Appellant Frederick Daniels was convicted by a jury of second-offense driving while intoxicated. He was sentenced to 104 days in jail and fined $400.00. Mr. Daniels appeals from his DWI conviction, arguing that the trial court erred in admitting evidence that he failed a portable breath test. Mr. Daniels further argues that the trial court erred in admitting the result

of the breathalyzer test taken at the police station. We agree with both of appellant's arguments, and we reverse his DWI conviction.

Prior to trial, Mr. Daniels filed a motion in limine asking the trial court to suppress evidence of the breathalyzer test result, which was .10. A pretrial hearing was held on appellant's motion, and at the hearing Mr. Daniels argued that the test result was inadmissible because there was not full compliance with Ark. Code Ann. § 5-65-204(e) (Supp. 2003), which provides:

> (e)(1) The person tested may have a physician or a qualified technician, registered nurse, or other qualified person of his own choice administer a complete chemical test in addition to any test administered at the direction of a law enforcement officer.

> (2) The law enforcement officer shall advise the person in writing of this right and that if the person chooses to have an additional test and the person is found not guilty, the arresting law enforcement agency will reimburse the person for the cost of the additional test.

> (3) The refusal or failure of a law enforcement officer to advise a person of this right and to permit and assist the person to obtain a test shall preclude the admission of evidence relating to the test taken at the direction of a law enforcement officer.

At the hearing, Mr. Daniels acknowledged that he was advised in writing that he could have another test at his own expense, and that he declined any additional test. However, he testified that he was not advised that he would be reimbursed for the additional test if found not guilty, and that had he been given this advice he would have taken an additional test. At the conclusion of the hearing the trial court denied appellant's motion to suppress the evidence, stating, "There may have been a technical failure here, but I don't consider it to be a substantial failure to comply with the statute, such that would in all cases require the court to refuse to let the test results in."

At the trial, Officer Matthew Williams testified for the State. He stated that on October 14, 2001, he stopped Mr. Daniels for speeding. Officer Williams stated that, after he stopped the car, Mr. Daniels crawled over his wife in the passenger's seat and exited from the passenger's side of the vehicle. When Officer Williams made contact, he smelled an odor of intoxicants on Mr. Daniels,

and noticed that Mr. Daniels was swaying, had bloodshot eyes, and his speech was slurred. Mr. Daniels admitted to Officer Williams that he had drunk several beers. According to Officer Williams, Mr. Daniels "had all six clues on the HGN test." Officer Williams attempted to perform other field sobriety tests, but did not do so because Mr. Daniels told him he had a leg injury.

Over appellant's objection, Officer Williams was permitted to testify that Mr. Daniels failed a portable breath test. Officer Williams further testified that the result of the breathalyzer taken at the station was .10.

Mr. Daniels and his wife testified on his behalf. Both of them testified that he had been drinking beer, but was not drunk, on the night of his arrest.

Mr. Daniels's first argument for reversal is that the trial court erred in admitting evidence that he failed a portable breath test. He acknowledges that it may not be error to permit an officer to testify that he used a portable breath test in his investigation. However, Mr. Daniels asserts that testimony that he failed the breath test raised the unfair inference that the results exceeded the legal limit.

Mr. Daniels also argues that the result of the breathalyzer test administered at the police station should have been suppressed. He cites Ark. Code Ann. § 5-65-203(b)(2) (Supp. 2003), which provides:

> If the person tested requests that additional tests be made, as authorized in § 5-65-204(e), the cost of the additional tests shall be borne by the person tested, unless the person is found not guilty, in which case the arresting law enforcement agency shall reimburse the person for the cost of the additional tests.

Arkansas Code Annotated section 5-65-204(e)(2) (Supp. 2003) provides that the officer shall advise the person in writing of his right to an additional test, and further advise that if the person chooses to have an additional test and is found not guilty, he will be reimbursed for the cost of the additional test. Because the police failed to inform him that he would be reimbursed for the cost of an additional test upon being found not guilty, Mr. Daniels contends that the result of the test taken at the direction of the law enforcement officer was inadmissible under the clear provisions of Ark. Code Ann. § 5-65-204(e)(3).

■ We agree that the trial court erred in allowing the State to introduce evidence that Mr. Daniels failed the portable breath test. A chemical analysis that has not been certified by the Department of Health is not admissible as evidence of driving while intoxicated. Ark. Code Ann. § 5-65-206(c) & (d) (Supp. 2003); *see also Patrick v. State*, 295 Ark. 473, 750 S.W.2d 391 (1988). Portable breathalyzer tests have not been certified by the Department of Health. *Massengale v. State*, 319 Ark. 743, 894 S.W.2d 594 (1995). Thus, the ruling of the trial court admitting evidence of the portable breathalyzer test result was erroneous. *See id.*

We further hold that the trial court erred in admitting the .10 result of the breathalyzer test administered at the police station. In 2001, our legislature amended Ark. Code Ann. § 5-65-204(e). The amended version of the statute explicitly provides that the officer shall advise the person "that if the person is found not guilty, the arresting law enforcement agency will reimburse the person for the cost of the additional test," and that failure to advise a person of this right "shall preclude the admission of evidence relating to the test taken at the direction of a law enforcement officer." Ark. Code Ann. § 5-65-204(d)(2) & (3) (Supp. 2003).

■ The trial court ruled, and the State argues on appeal, that the breathalyzer result was admissible because there was substantial compliance with the applicable statute. Substantial compliance with the statutory provision about the advice that must be given is all that is required. *Lampkin v. State*, 81 Ark. App. 434, 105 S.W.3d 363 (2003). In the instant case, the officer complied with part of the statute by advising Mr. Daniels that he could have an additional test at his own expense, and by offering to assist him in obtaining one. However, it is undisputed that there was no compliance at all with requirement that appellant be advised that he would be reimbursed for the cost of the test if found not guilty. Thus, we reject the substantial-compliance argument now being raised by the State.

■ If the language of a statute is plain and unambiguous, and conveys a clear and definite meaning, there is no occasion to resort to rules of statutory interpretation. *Harness v. State*, 352 Ark. 335, 101 S.W.3d 235 (2003). The supreme court construes criminal statutes strictly, resolving any doubts in favor of the defendant. *Id.* The provisions of Ark. Code Ann. § 5-65-204(e) (Supp. 2003)

are clear, and because there was a failure of compliance, we are constrained to reverse the trial court's admission of the breathalyzer test result.

Finally, we address the State's contention that, even if admission of the portable breath test was error, such error was harmless in light of the overwhelming evidence of appellant's guilt. For this proposition, the State relies on *Massengale v. State*, *supra*. The State asserts that there were other factors indicative of appellant's guilt, including the .10 breathalyzer result.

We do not agree that admission of the portable breath test result amounted to harmless error. In *Massengale v. State*, *supra*, the supreme court held that admission of an unsatisfactory portable breathalyzer test was harmless in light of other overwhelming admissible evidence, which included Mr. Massengale's refusal to submit to a certified breathalyzer test. In the case at bar, Mr. Daniels submitted to the certified test, but we now hold that the result should not have been admitted. Arkansas Code Annotated § 5-65-103 (Supp. 2003) criminalizes driving while intoxicated, and provides:

> (a) It is unlawful and punishable as provided in this act for any person who is intoxicated to operate or be in actual physical control of a motor vehicle.
>
> (b) It is unlawful and punishable as provided in this act for any person to operate or be in actual physical control of a motor vehicle if at that time the alcohol concentration in the person's breath or blood was eight-hundredths (0.08) or more based upon the definition of breath, blood, and urine concentration in § 5-65-204.

Pursuant to our resolution of the evidentiary issues presented in this appeal, the State failed to offer any competent evidence to prove a violation of subsection (b) of the above statute. While the State did introduce competent evidence of Mr. Daniels's intoxication, we hold that this evidence was not so overwhelming as to render the trial court's errors harmless.

Reversed and remanded.

VAUGHT and CRABTREE, JJ., agree.