The Honorable Donna Hutchinson State Representative
24 Rillington Drive Bella Vista, Arkansas 72714-3204
Dear Representative Hutchinson:
This is in response to your request for my opinion on the following question concerning the substance known as "K2," which you describe as "a legal smoking blend of herbs and spices that is sprayed with synthetic cannabinoids":
 Does the Director of the Department of Health have authority under Arkansas Code § 5-64-201 — 5-64-216 to adopt an emergency rule to place K2 among the state's listed controlled substances?
RESPONSE
In my opinion, the answer to this question depends upon the requisite findings under A.C.A. § 5-64-201, which is part of the Uniform Controlled Substances Act (A.C.A. § 5-64-101 et seq. (Repl. 2005 and Supp. 2009)). As a general matter, the answer is "yes" if, as discussed further below, the necessary findings are made and all applicable procedures are followed. I cannot offer a more definitive opinion because the question ultimately turns on factual determinations which are outside the scope of an opinion from this office.
The Director of the Department of Health (hereinafter "Director") is given authority to designate controlled substances pursuant to A.C.A. § 5-64-201 as follows:
 The Director of the [Department of Health] shall administer this chapter and may add a substance to or delete or reschedule any *Page 2 
substance enumerated in a schedule pursuant to the procedures of the Arkansas Administrative Procedure Act, § 25-15-201 et seq.[1]
A.C.A. § 5-64-201(a)(1)(A) (Repl. 2005) (emphasis added).[2]
The Director thus has the authority to issue a rule pursuant to the Administrative Procedure Act ("APA") regarding controlled substances. With regard to your specific question concerning an "emergency rule," the APA provides:
 (1) If an agency finds that imminent peril to the public health, safety, or welfare or compliance with federal laws or regulations requires adoption of a rule upon less than thirty (30) days' notice and states in writing its reasons for that finding, it may proceed without prior notice or hearing, or upon any abbreviated notice and hearing that it may choose, to adopt an emergency rule.
 (2) The rule may be effective for no longer than one hundred twenty (120) days.
A.C.A. § 25-15-204(b) (Supp. 2009).[3] *Page 3 
This emergency rulemaking authority under the APA would appear to be included within A.C.A. § 5-64-201(a)(1)(A)'s general reference to the entire APA. Section 5-64-201 contains no express language stating that the Director has no emergency rulemaking authority. I believe it reasonably follows, as a general proposition, that the Director may utilize the APA's emergency rulemaking procedures.
With regard, specifically, to scheduling "K2" as a controlled substance, however, reference must be made to the Uniform Controlled Substances Act, and specifically the following requirement:
 In making a determination regarding a substance, the director shall consider the following:
 (A) The actual or relative potential for abuse;
 (B) The scientific evidence of its pharmacological effect, if known;
 (C) The state of current scientific knowledge regarding the substance;
 (D) The history and current pattern of abuse;
 (E) The scope, duration, and significance of abuse;
 (F) The risk to public health;
 (G) The potential of the substance to produce psychic or physiological dependence liability; and
 (H) Whether the substance is an immediate precursor of a substance already controlled under this subchapter.
A.C.A. § 5-64-201(a) (Repl. 2005).
After considering these factors, the Director must, additionally, "make findings with respect to the factors and issue a rule controlling the substance if he or she finds the substance has a potential for abuse." Id. at (b). *Page 4 
In adding K2 to a schedule under the Uniform Controlled Substances Act, therefore, the Director must make the requisite findings under A.C.A. § 5-64-201. Additionally, in enacting an emergency rule under the APA, the Department must "state in writing" the reasons for finding that "imminent peril to the public health, safety, or welfare" requires adoption of the emergency rule without prior notice. A.C.A. § 25-15-204(b), supra. See also Wagnon v. HealthServices Agency, 73 Ark. App. 269, 40 S.W.3d 849 (2001). No rule is valid unless it has been adopted and filed in substantial compliance with section 25-15-204. Wagnon,73 Ark. App. at 273 (citing A.C.A. § 25-15-204(f)).
Thus, in my opinion, the answer to your question is generally "yes" if the necessary findings are made and all applicable procedures are followed.
Deputy Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] The current codification of subsection 5-64-201(a)(1)(A) refers to the "Director of the Division of Health of the Department of Health and Human Services," but this must be read as the "Director of the Department of Health" following the passage of Act 384 of 2007. This act authorized the Governor to separate the Department of Health and Human Services which had been combined by Act 1954 of 2005, to form the distinct Department of Health and Department of Human Services. Governor Beebe issued Executive Order 07-05 to this effect on May 2, 2007, to take effect July 1, 2007. Following such action by the Governor, and pursuant to Act 384 of 2007, all references in the Arkansas Code to the "Division of Health of the Department of Health and Human Services" are to be replaced with "Department of Health." See
Acts 2007, No. 384, § 1.
[2] See also Washington v. State,319 Ark. 583, 585, 892 S.W.2d 505 (1995) (noting that "Section 5-64-201 requires the Director's schedules to be adopted in accordance with the Arkansas Administrative Procedure Act" and that accordingly, "the schedule of controlled substances is a regulation promulgated by a state agency pursuant to statute and in accordance with state procedural requirements.")
[3] Section 25-15-204 further provides that "an emergency rule may become effective immediately upon filing or at a stated time less than ten (10) days after filing if the agency finds that this effective date is necessary because of imminent peril to the public health, safety, or welfare." A.C.A. § 25-15-204(e)(2)(A)(i) (Supp. 2009). The agency must file its "finding and a brief statement of the reasons for the finding. . . ."Id. at (ii). And it must "take appropriate measures to make emergency rules know to the persons who may be affected by the emergency rules." Id. at (e)(2)(B). *Page 1