SLIP OPINION


# SUPREME COURT OF ARKANSAS

**No.** CR-84-149

| | |
|---|---|
| JOHNNY LEE HILL, JR. PETITIONER | **Opinion Delivered** February 6, 2014 |
| V. | PRO SE MOTIONS TO COMPEL AND FOR BELATED APPEAL AND RULE ON CLERK [PULASKI COUNTY CIRCUIT COURT, NO. 60CR-82-1105] |
| STATE OF ARKANSAS RESPONDENT | |
| | MOTION TO COMPEL TREATED AS MOTION TO EXPEDITE AND DENIED; MOTION FOR BELATED APPEAL AND RULE ON CLERK TREATED AS PETITION TO REINVEST JURISDICTION IN THE TRIAL COURT TO CONSIDER A PETITION FOR POSTCONVICTION RELIEF PURSUANT TO ARKANSAS RULE OF CRIMINAL PROCEDURE 37.1 AND DENIED. |

## PER CURIAM

In 1984, petitioner Johnny Lee Hill, Jr., was found guilty by a Pulaski County jury of two counts of rape, two counts of aggravated robbery, and two counts of kidnapping. He was sentenced to an aggregate term of 135 years' imprisonment. This court affirmed. *Hill v. State*, 285 Ark. 77, 685 S.W.2d 495 (1985).

On September 9, 2013, petitioner filed a pleading entitled, "Pro Se Motion for Belated Appeal and Rule on Clerk." Petitioner subsequently filed a motion to compel, which we treat as a motion to expedite. *See Mhoon v. State*, 369 Ark. 134, 251 S.W.3d 244 (2007) ("[C]ourts

should not be guided blindly by titles but should look to the substance of motions to ascertain what they seek."). Inasmuch as petitioner fails to state claims in the motion to expedite that would sufficiently demonstrate an unreasonable delay in the progress of the "Pro Se Motion for Belated Appeal and Rule on Clerk" or establish good cause for the motion to be heard by this court before other postconviction matters that are pending, the motion to expedite is denied.

We nevertheless take up petitioner's "Pro Se Motion for Belated Appeal and Rule on Clerk" as it is clear from the face of the motion that no relief can be granted in this court. At the time of filing, no appeal was pending, and this court was not aware of any judgment or order from which appellant sought to file a belated appeal. Rather, the gravamen of petitioner's motion seeks permission of this court to proceed in the trial court with a petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (1984). Thus, the motion is properly treated as a petition to reinvest jurisdiction in the trial court to consider a petition for postconviction relief pursuant to Rule 37.1. *See Mhoon*, 369 Ark. 134, 251 S.W.3d 244.

Rule 37.2(a), as it applies to petitioners with judgments entered before July 1, 1989, which have been affirmed on appeal, requires the petitioner to obtain leave from this court before filing a postconviction petition in the trial court.[1] Rule 37.2(c), as it applies to petitioner, provides that a petition under the Rule is untimely if not filed within three years of the date of commitment

---

[1]Arkansas Criminal Procedure Rule 37 was abolished by this court effective July 1, 1989. *In re Abolishment of Rule 37 and the Revision of Rule 36 of the Arkansas Rules of Criminal Procedure*, 299 Ark. App'x 573, 770 S.W.2d 148 (1989). Rule 37 was reinstated in a revised form on January 1, 1991. *In re Reinstatement of Rule 37 of the Arkansas Rules of Criminal Procedure*, 303 Ark. App'x 746, 797 S.W.2d 458 (1990). The revised rule does not require petitioners to gain leave of this court before proceeding in the trial court.

unless the petitioner states some ground for relief which, if found meritorious, would render the judgment of conviction absolutely void, i.e., a complete nullity. *Halfacre v. State*, 2010 Ark. 377 (per curiam); *Travis v. State*, 286 Ark. 26, 688 S.W.2d 935 (1985); *Collins v. State*, 271 Ark. 825, 611 S.W.2d 182 (1981) (per curiam), *cert. denied*, 452 U.S. 973 (1981); *see Howard v. State*, 367 Ark. 18, 238 S.W.3d 24 (2006); *Jeffers v. State*, 301 Ark. 590, 786 S.W.2d 114 (1990) ("[A] ground sufficient to void a conviction must be one so basic that it renders the judgment a complete nullity, [as,] for example, a judgment obtained in a court lacking jurisdiction to try the accused."). The burden is on the petitioner to establish that there is a ground sufficient to void the judgment of conviction. *Munnerlyn v. State*, 2013 Ark. 339 (per curiam).

Here, petitioner requests leave to proceed in the trial court under the Rule nearly thirty years after the date of his commitment. The petition, however, is completely lacking of any allegation that would void petitioner's judgment of conviction such that this court could even consider the untimely petition. While petitioner attributes the delay in filing the petition to his learning disability and to his lack of access to the prison's law library, this court has consistently held that all litigants, including those who proceed pro se, must bear the responsibility for conforming to the rules of procedure or demonstrating good cause for not so conforming. *Wright v. State*, 2010 Ark. 474 (per curiam); *Cummings v. State*, 2010 Ark. 123 (per curiam); *Hale v. State*, 2010 Ark. 17 (per curiam) (citing *Daniels v. State*, 2009 Ark. 607 (per curiam)); *see also Peterson v. State*, 289 Ark. 452, 711 S.W.2d 830 (1986) (per curiam); *Walker v. State*, 283 Ark. 339, 676 S.W.2d 460 (1984) (per curiam); *Thompson v. State*, 280 Ark. 163, 655 S.W.2d 424 (1983) (per curiam). As we have noted in cases involving postconviction appeals, timely pleadings are

frequently filed in this court by incarcerated persons, who, like petitioner, also may be assumed to face certain hurdles occasioned by their incarceration. *See McDaniel v. Hobbs*, 2013 Ark. 107 (per curiam); *Neely v. State*, 2012 Ark. 423 (per curiam); *Meadows v. State*, 2012 Ark. 374 (per curiam); *see also Garner v. State*, 293 Ark. 309, 737 S.W.2d 637 (1987) (denying motion to file belated appeal of postconviction order where petitioner asserted illiteracy).

Because the petition is devoid of any alleged ground for relief, petitioner has wholly failed to meet his burden. We therefore dismiss the petition to reinvest jurisdiction in the trial court to proceed under Rule 37.1.

Motion to compel treated as motion to expedite and denied; motion for belated appeal and rule on clerk treated as petition to reinvest jurisdiction in the trial court to consider a petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 and denied.

*Johnny Lee Hill, Jr.*, pro se petitioner.

*Dustin McDaniel*, Att'y Gen., by: *Vada Berger*, Ass't Att'y Gen., for respondent.