Jerry SHERRILL *v.* STATE of Arkansas

CR 97-335 952 S.W.2d 134

Supreme Court of Arkansas
Opinion delivered September 25, 1997

*Joe Kelly Hardin*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Sandy Moll*, Asst. Att'y Gen., for appellee.

TOM GLAZE, Justice. Appellant Jerry Sherrill appeals his convictions for the rape of his two biological daughters, R., age 12, and L., age 7. On appeal, he contends the trial court erred in denying his motions for directed verdict concerning each daughter,[1] and in doing so, he argues that, in both cases, there is a lack of credible evidence concerning the element of penetration. Sherrill also asserts the trial court erred in denying his request for a hypnotist. We affirm.

Regarding his first contention, Ark. Code Ann. § 5-14-103(a)(3) (Repl. 1993) provides in pertinent part that a person commits rape if he engages in sexual intercourse or deviate sexual activity with another person who is less than fourteen years of age. Deviate sexual activity and sexual intercourse are defined in Ark. Code Ann. § 15-14-101(1)(A) and (B) and (9) (Repl. 1993) as follows:

> (1) "Deviate sexual activity" means any act of sexual gratification involving:
>
> (A) the penetration, however slight, of the anus or mouth of one person by the penis of another person; or
>
> (B) the penetration, however slight, of the vagina or anus of one person by any body member or foreign instrument manipulated by another person.
>
> * * *
>
> (9) "Sexual intercourse" means penetration, however slight, of a vagina by a penis.

---

[1] Although Sherrill failed to abstract his directed-verdict motions and the trial court's rulings on them, Ark. Sup. Ct. R. 4-3(h) requires our court to review adverse rulings that appear to involve prejudicial error. Therefore, we consider the merits of Sherill's directed-verdict arguments.

Sherrill argues the evidence was insufficient to prove the rape charges, particularly the key element of penetration, because there was no medical or adult testimony to corroborate the testimonies of R. and L. As a consequence, he claims the jury could only speculate regarding whether penetration occurred.

 This court, of course, has repeatedly held that the testimony of a rape victim does not have to be corroborated by other testimony. *See Puckett v. State*, 324 Ark. 81, 918 S.W.2d 707 (1996); *Laughlin v. State*, 316 Ark. 489, 872 S.W.2d 848 (1994). In *Gatlin v. State*, 320 Ark. 120, 895 S.W.2d 526 (1995), this court held that the testimony of a child rape victim, showing penetration, need not be corroborated, nor is scientific evidence required. Here, both children testified in vivid detail how their father, appellant Sherrill, fully penetrated their vaginas with his penis, and how he required them to perform oral sex on his penis, as well. R. said that her father commenced such activity when she was about five years old, and as she grew older, he asked her to perform sexually with him at least once a day. The girls' brother also testified that on a number of occasions, he had witnessed their father performing sexual acts with his sisters. In sum, the evidence presented at trial was overwhelming and unrebutted, and clearly supported the rape convictions the jury rendered in this case. The trial court's rulings denying Sherrill's motions for directed verdict were correct.

Next, Sherrill argues that the trial court erred in refusing to appoint a hypnotist to assist in his defense. He based his request on the claim that it is highly likely that he was under the influence of hypnotic suggestions and not responsible for his actions.

 At trial, Sherrill's counsel abandoned Sherrill's request in this respect as having no merit, and defense counsel did so even before the trial court denied Sherrill's request. In any event, a litigant may not agree with a ruling by the trial court and then attack that ruling on appeal. *Hudson v. State*, 303 Ark. 637, 799 S.W.2d 529 (1990). Thus, Sherrill is precluded from arguing this point on appeal. Furthermore, Sherrill cites no authority nor makes a convincing argument in support of this issue and for this

reason, too, we decline to reach the merits of Sherrill's second argument.

For the reasons above, we affirm.

Pursuant to Ark. Sup. Ct. R. 4-3(h), the record has been examined in its entirety and no other rulings adverse to Mr. Sherrill that appear to involve prejudicial error were found.