Steven Ray ABSHURE *v.* STATE of Arkansas

CA CR 01-925 87 S.W.3d 822

Court of Appeals of Arkansas
Divisions I and II
Opinion delivered October 30, 2002

Edgar Thompson and Teresa M. Smith, for appellant.

Mark Pryor, Att'y Gen., by: Clayton K. Hodges, Ass't Att'y Gen., for appellee.

S AM BIRD, Judge. Officers of the Lonoke County Sheriff's Department searched, pursuant to a warrant, Steven Ray Abshure's residence in May 2000. The search yielded ingredients of methamphetamine, paraphernalia, marijuana, and the finished product of methamphetamine. Abshure was convicted by a jury of manufacturing methamphetamine, possession of methamphetamine with intent to deliver, and possession of drug paraphernalia with intent to manufacture methamphetamine. He appeals, contending that (1) the trial court erred in denying his motion to suppress; (2) the trial court erred in allowing argument regarding charges that were withdrawn by the State; (3) the trial court erred in entering a judgment based on verdict forms that evidenced confusion of the jury; and (4) the evidence presented at trial was insufficient to support a conviction for manufacturing methamphetamine and possession of methamphetamine with intent to deliver. We affirm.

## Sufficiency of the Evidence

To prevent double jeopardy, sufficiency of the evidence must be considered first. Etoch v. State, 343 Ark. 361, 37 S.W.3d 186 (2001). Abshure contends that there was insufficient evidence that he possessed the contraband discovered at his residence and that there was insufficient evidence of an intent to deliver the methamphetamine recovered from his residence.

To convict one of possessing contraband, the State must show that the defendant exercised control or dominion over it. Stanton v. State, 344 Ark. 589, 42 S.W.3d 474 (2001). Neither exclusive nor actual physical possession, however, is necessary to

sustain a charge of possessing contraband; rather, constructive possession is sufficient. *Id.* Constructive possession may be implied when the contraband is in the joint control of the accused and another; however, joint occupancy alone is insufficient to establish possession or joint possession. *Id.* The State must establish in a prosecution for possessing contraband (1) that the accused exercised care, control, and management over the contraband, and (2) that the accused knew the matter possessed was contraband. *Id.*

■ ■ Officer Steve Rich testified that Abshure was apprehended within the residence after he ran to the bathroom and was attempting to flush a "pill wash," which the officer defined as the process used to obtain ephedrine from antihistamines, down the toilet. Efforts on the part of the accused to destroy or dispose of incriminating evidence can be considered evidence of consciousness of guilt. *See United States v. Castillo,* 615 F.2d 878 (9th Cir. 1980). Control and knowledge may be inferred from the circumstances where there are additional factors linking the accused to the contraband. *White v. State,* 47 Ark. App. 127, 886 S.W.2d 876 (1994). This control and knowledge can be inferred from the circumstances, such as the proximity of the contraband to the accused, the fact that it is in plain view, and the ownership of the property where the contraband is found. *Nichols v. State,* 306 Ark. 417, 815 S.W.2d 382 (1991).

■ Here, there is no dispute that the residence at which contraband was discovered was Abshure's. Methamphetamine was discovered near the couch in the living room. Abshure was found trying to dispose of a pill wash, and he had been observed by police to be at the residence almost continually throughout their surveillance prior to executing the search warrant. Numerous items related to the manufacture, use, and possession of contraband were discovered throughout the house. We hold that there was substantial evidence to support the jury's finding that Abshure possessed the contraband.

■ The State contends that a challenge to the sufficiency of the evidence supporting a finding of Abshure's intent to deliver the methamphetamine is procedurally barred. We agree. A directed-verdict motion is treated as a challenge to the suffi-

ciency of the evidence and requires the movant to inform the trial court of the specific basis on which the motion is made. *Campbell v. State*, 319 Ark. 332, 891 S.W.2d 55 (1995). Arguments not raised at trial will not be addressed for the first time on appeal, and parties cannot change the grounds for an objection on appeal, but are bound on appeal by the scope and nature of the objections and arguments presented at trial. *Id.* Abshure's motion for directed verdict addressed only the sufficiency of the evidence to support a finding that he possessed the contraband found at his residence; he did not challenge the intent-to-deliver element. Thus, we hold that a challenge to the sufficiency of the evidence establishing Abshure's intent to deliver methamphetamine is procedurally barred from our review.

*Motion to Suppress*

Abshure contends that the affidavit for search warrant was insufficient to provide probable cause because (1) there was no time frame alleged; (2) there was no indicia of reliability of the confidential informant provided; (3) no activity was observed during the surveillance that could give rise to probable cause; (4) the affiant made a false statement concerning Abshure's criminal history; and (5) his prior arrest cannot give rise to probable cause.

The affidavit for search warrant alleged:

Fact #1: This officer spoke to a reliable confidential informant who said that they had met with Doyle G. Thomas who had a large volume of crystal meth and a gun. They further stated that Mr. Thomas and Steve Abshure were the persons who manufactured the substance and that they "cooked" on a regular basis (one or two times a week). The informant also said that Mr. Thomas and Abshure always keep a gun in their vehicle or on their person.

Fact #2: This agency along with Cabot Police Department recently did a search of Mr. Abshure's residence which resulted in his arrest for several drug and paraphernalia charges, the search also

revealed several items commonly used in the manufacture of crystal meth. Mr. Abshure is currently out on bond for these offenses. Surveillance of Mr. Abshure's residence did indicate lots of late night activity and a strong chemical odor. Mr. Thomas was at the residence all day and night (5-3-00).

Fact #3: This officer also recently spoke to an individual who was separated from his wife and was concerned because of her substance abuse (meth) and the fact that she took their small child with her. He stated that she left with Mr. Doyle Thomas because he and Steve Abshure could supply her meth habit. The informant insisted that someone check on the child it could be in serious danger if left with her while they were "cooking."

Fact #4: An ACIC check revealed Mr. Abshure to have a criminal history for controlled substance violation. Because of the possible danger the child may be in, the public danger affiliated with the chemicals used to manufacture of crystal meth, the possible loss evidence, a search warrant is needed.

 ██ A time reference must be included in an affidavit for search warrant, but the time may be inferred from the information in the affidavit itself. *Heaslet v. State*, 77 Ark. App. 333, 74 S.W.3d 242 (2002). The time that is critical is the time during which the criminal activity was observed. *Id.* The affidavit in the case at bar provided that surveillance of Abshure's residence, during which a strong chemical odor was noticed, was conducted on May 3, 2000. The affidavit was sworn on May 4, 2000. From this information in the affidavit, the time reference can be sufficiently inferred.

 A search warrant is flawed if there is no indicia of the reliability of the confidential informant. *Fouse v. State*, 73 Ark. App. 134, 43 S.W.3d 158 (2001). Furthermore, the conclusory statement, "reliable informant" is not sufficient to satisfy the indicia requirement. *Id.* If, however, the affidavit when viewed as a

whole provides a substantial basis for a finding of reasonable cause to believe that things subject to seizure may be found in a particular location, the failure to establish the veracity of the informant is not fatal. *See* Ark. R. Crim. P. 13.1; *Fouse, supra.*

Here, the affidavit contains only the impermissible conclusory description of the confidential informant described in Fact #1 as "reliable." No facts attesting to his reliability were asserted in the affidavit.

The informant described in Fact #3 was an estranged husband, concerned about the safety of his daughter living in Abshure's house, where he alleged methamphetamine was being manufactured. The affidavit provided no means of identifying this informant and there was no indication that his assertions were based on personal observations. Therefore, contrary to the State's contention that this informant should be characterized as a concerned citizen, we characterize this informant as a confidential informant. As with the first confidential informant, there were no facts attesting to his reliability asserted in the affidavit.

Even though the reliability of the confidential informants was not established and, therefore, could not, alone, provide probable cause for issuance of the search warrant, we hold that the affidavit as a whole presented a substantial basis to conclude that probable cause existed to believe that things subject to seizure would be found at the residence. The police conducted surveillance that corroborated the information relayed by the informants. The police observed "lots of late night activity" and a strong chemical odor at Abshure's residence. Further, the police observed that Thomas was at Abshure's residence "all day and night," supporting the informant's information that Thomas and Abshure were both engaged in the manufacture of methamphetamine.

In *Fouse, supra,* no indicia of reliability of the confidential informants was asserted in the affidavit for search warrant and this court held that the informants' statements alone failed to establish probable cause. However, the officers had conducted surveillance during which they observed countersurveillance measures, the movement of large items, and the smell of ether. This court held

that such observation corroborated the informants' assertion that a methamphetamine lab and a "chop shop" were being operated at the residence.

 The informants' statements in the case at bar could not alone constitute probable cause due to the lack of reliability. However, as in *Fouse, supra*, the surveillance conducted by the officers sufficiently corroborated the information provided by the informants so that the magistrate had a substantial basis for concluding that probable cause existed to issue the warrant.

 Abshure contends that Officer Rich's statement that an Arkansas Crime Information Center check had revealed that he had a "criminal history for controlled substance violation" was a material misstatement of fact that should invalidate the search warrant under *Franks v. Delaware*, 438 U.S. 154 (1978). A search warrant should be invalidated if a defendant shows by a preponderance of the evidence that the affiant made a false statement knowingly and intentionally or with reckless disregard for the truth, and that, with the false material set to one side, the remaining content is insufficient to establish probable cause. *Id.* The burden of showing that an affiant knowingly and recklessly included a false statement is upon the challenger of the affidavit. *Pyle v. State*, 314 Ark. 165, 862 S.W.2d 823, *cert. denied*, 510 U.S. 1197 (1994). Even if this statement was misleading, the remaining content of the affidavit, after exclusion of this statement as required by *Franks, supra*, is sufficient to establish probable cause.

 Lastly, we agree with Abshure's contention that an assertion of his prior criminal conduct cannot constitute probable cause. An allegation of prior criminal activity as support for probable cause is "a bald and unilluminating assertion of suspicion that is entitled to no weight in appraising a magistrate's decision on a warrant." *Yancy v. State*, 345 Ark. 103, 44 S.W.3d 315 (2001) (quoting *Spinelli v. United States*, 393 U.S. 410 (1969)). However, because the affidavit as a whole provided a substantial basis on which to find probable cause, we affirm the trial court's denial of the motion to suppress.

## Withdrawn Charge

The State had initially charged Abshure with possession of anhydrous ammonia, but later withdrew this charge. Abshure contends that the court erred in allowing the State to argue this charge to the jury. The State contends that this issue is not preserved for our review because Abshure did not object when the State first mentioned the other charge. We agree.

An argument for reversal will not be considered in the absence of an appropriate objection in the trial court. *Pharo v. State*, 30 Ark. App. 94, 783 S.W.2d 64 (1990). To be considered appropriate, an objection must be made at the first opportunity. *Id.* The objection must be timely, affording the trial court an opportunity to correct the asserted error. *Id.*

Abshure did not object until well after the prosecutor first mentioned the withdrawn charge of possession of anhydrous ammonia and told the jury that they could consider his possession of anhydrous ammonia when they were considering the other charges. Abshure did not object at the first opportunity, and thus, his argument is procedurally barred from our review.

Abshure additionally contends on appeal that this argument should have been precluded by Arkansas Rule of Evidence 403, which provides for exclusion of evidence if its probative value is substantially outweighed by the danger of unfair prejudice. This argument was not made to the trial court. A party cannot change the grounds for an objection or motion on appeal, but is bound by the scope and nature of the arguments made at trial. *State v. Jones*, 338 Ark. 781, 3 S.W.3d 675 (1999). Thus, this argument as well is procedurally barred from our review.

## Jury Verdict Forms

Abshure contends that the verdict forms returned by the jury were unclear as to whether they intended to convict him of possession of methamphetamine or possession of methamphetamine with intent to deliver. The State contends that this issue is not preserved for our review because Abshure stated to the court that

he was satisfied with the polling of the jury and their response to the court that they intended to find him guilty of possession of methamphetamine with intent to deliver. Further, the State contends that Abshure is procedurally barred because he did not object to the court's entry of judgment on the verdict. We agree.

■ After the jury was polled, and it was evident that their intent had been to find Abshure guilty of possession of methamphetamine with intent to deliver, Abshure's counsel stated that he was satisfied with the polling. There was no objection to the entry of judgment on the possession of methamphetamine with intent to deliver charge. A party cannot agree with a trial court's ruling and then attack that ruling on appeal. *Sherrill v. State*, 329 Ark. 593, 952 S.W.2d 134 (1997). Abshure agreed with the trial court's finding that the jury intended to find him guilty of possession of methamphetamine with intent to deliver; therefore, he cannot challenge that issue on appeal.

Affirmed.

JENNINGS, NEAL, and VAUGHT, JJ., agree.

CRABTREE, J., concurs.

BAKER, J., dissents.

KAREN R. BAKER, Judge, dissenting. The majority believes that a totality-of-the-circumstances analysis justifies the probable cause finding in the warrant. However, this is not a case where an officer articulated several incidents of minor, suspicious activity that were "sufficiently strong in themselves to warrant a cautious man to believe that a crime has been committed by the person suspected." *Bennett v. State*, 345 Ark. 48, 53, 44 S.W.3d 310, 313 (2001)(holding that officer's smelling of unstable denatured alcohol alone was not sufficient to support search of storage building where it was located). On the contrary, each of the facts relied upon in the warrant, on its own, is constitutionally precluded from being the basis of a finding of probable cause. The cumulative effect of such impermissible facts adds nothing to the analysis of whether probable cause existed.

The majority agrees that the affidavit failed to provide indicia of reliability for the confidential informants' information and could not, alone, provide probable cause for the issuance of the search warrant. They also agree that the assertion of Abshure's prior criminal activity "is entitled to no weight in appraising a magistrate's decision on a warrant."

The majority's holding that the affidavit as a whole presented a substantial basis to conclude that probable cause existed rests entirely upon the surveillance conducted by the police. The majority finds that the affidavit cited three facts identified by law enforcement surveillance that were sufficient to warrant the suspicion that a crime had been committed by Abshure: (1) lots of late-night activity, (2) a strong chemical odor at Abshure's residence, and (3) Mr. Thomas's presence for a continuous day and night.

These facts are no more than general summaries of law enforcement observations. Bare, conclusory statements are insufficient to support a finding of probable cause. *Collins v. State*, 280 Ark. 453, 658 S.W.2d 877 (1983). "And while inferences the magistrate may draw are those which a reasonable person could draw, certain basic information must exist to support an inference." *Id.* at 456, 658 S.W. 2d at 878. "We use a practical, common sense approach to examine search warrants but that approach cannot cure omissions of facts that are undisputedly necessary. This is especially true where great leeway is already given to authorities to use undisclosed informants and pure hearsay as a reason to search a person's home." *Id.* at 456, 658 S.W.2d at 879.

In reaching its determination that these facts are constitutionally sufficient to support the magistrate's probable cause finding, the majority relies heavily upon *Fouse v. State*, 73 Ark. App. 134, 43 S.W.3d 158 (2001). The majority articulates details of activity observed in *Fouse*, not details of activity observed at Absure's residence, deemed to be suspicious, including the suspects' use of counter-surveillance measures. While the court in *Fouse* found, as in this case, that the statements of the confidential informants failed to establish probable cause, the *Fouse* opinion made it clear that the details of the personal observations by law enforcement was the critical factor in upholding the probable cause finding that

the suspects were operating a methamphetamine lab and chop shop. A number of sheriff's deputies and task force agents confirmed the smell of ether originating from the residence, members of the drug task force personally observed the counter-surveillance measures of armed suspects acting as guards at the residence, aerial surveillance corroborated the presence of a large collection of automobiles and officers heard the movement of large items. The affidavit in *Fouse* contained details of the officers' observations over a four- month period and included such details as agents observing "a four wheeler traveling around the wooded area to the west of the residence and the lights pointed away from the residence as if to observe individuals approaching" and that "agents observed individuals using infrared lighting devices commonly used in association with night-vision goggles and smelled ether respectively." *Fouse*, 73 Ark. App. at 143–44: 43 S.W.3d at 164–65. In stark contrast, no specific activity of any kind is identified at the residence of Abshure during the surveillance. The affidavit merely recites the conclusory phrase, "lots of late-night activity."

Late-night activity is not criminal activity. When nothing in the surveillance indicates criminal conduct, the surveillance cannot corroborate an informant's allegation of criminal activity. *See Spinelli v. United States,* 393 U.S. 410, 418 (1969). The majority concludes that the surveillance in this case sufficiently corroborated the information by the informants. The underlying premise of that conclusion is that "lots of late-night activity" at a citizen's residence must indicate criminal activity. That premise is untenable.

Sufficient information must be presented to the magistrate to allow that official to ascertain probable cause; his action cannot be a mere ratification of the bare conclusion of another. *Herrington v. State,* 287 Ark. 228, 233, 697 S.W.2d 899, 9 (1985)(quoting *Illinois v. Gates,* 462 U.S. 213 (1983)). "An affidavit should speak in factual and not mere conclusory language. It is the function of the judicial officer, before whom the proceedings are held, to make an independent and neutral determination based upon facts, not conclusions, justifying an intrusion into one's home." *Heaslet v. State,* 77 Ark. App. 333, 340, 74 S.W.3d 242, 246 (2002) (quoting *State v. Broadway,* 269 Ark. 215, 218, 599 S.W.2d 721, 723 (1980)). It

is impossible for a judicial officer to make an intelligent finding of reasonable cause upon this affidavit that cites no facts and that describes no specific action or activity observed by the officers. *See Heaslet*, 77 Ark. App. at 333, 74 S.W.3d at 246 (citing *Garner v. State*, 307 Ark. 353, 357-58, 820 S.W.2d 446, 449 (1991)).

In *Heaslet, supra*, cited by the majority, this court applied this basic analytic approach in the context of an affidavit which cited the findings necessary to authorize a nighttime search, but failed to cite specific facts to justify those findings:

> In this case, the officers merely checked off the conclusory statements to establish reasonable cause. It is obvious that the affidavit form was drafted to reflect the requirements for reasonable cause as set out in Rule 13.2 because the language is basically the same. However, there were no specific facts presented to show that the place to be searched was difficult of speedy access, that the objects to be seized were in danger of imminent removal, or that the warrant could only be safely or successfully executed at nighttime. The affidavit only contained three statements in addition to the three checked conclusory statements. These statements provided merely that confidential informants had stated that [the suspect] was making methamphetamine.

*Heaslet*, 77 Ark.App. at 340, 74 S.W.3d at 246.

This same lack of specificity nullifies any weight that could be afforded the officers' sense of smell. Although the affidavit states that a chemical odor was present, the smell was not identified as that of an illegal or legal substance. It was not identified as any substance at all, only a chemical odor. The affidavit does not even allege that the chemical odor was associated with a substance that could be used to make an illegal substance. Even if the odor had been specifically associated with a particular substance, the officer's smell of a noncontraband substance, without other factors, would not cause a cautious man to believe a crime has been committed, nor should the mere storage of a noncontraband substance subject a law abiding citizen to the mercy of an over-zealous officer. *See Bennett, supra*, 345 Ark. at 53, 44 S.W.3d at 313. No precedent has sanctioned the issuance of a search warrant based simply on a trained officer's smell of a legal substance, when that substance has legitimate uses, but also might be used to make

an illegal substance. *See id.* Following that reasoning, no precedent could sanction the issuance of a warrant based on an unidentified chemical odor.

Neither can the mere observation that Mr. Abshure had a house guest for a period of one day and night support the conclusion that the two were engaged in criminal conduct. No details as to what the officers specifically observed the two doing during that time period are provided. The majority's conclusion that Mr. Thomas's presence supports the informants' allegation that the two were engaged in cooking methamphetamine could possibly be justified if the affidavit provided any specifics as to their activity, such as engaging in countersurveillance measures. However, no statements of facts regarding their activity is presented at all.

Accordingly, I would reverse.