Raymond M. BERTA and James W. Berta *v.* STATE of Arkansas

CA CR 02-1027                                      140 S.W.3d 487

Court of Appeals of Arkansas
Division IV
Opinion delivered November 19, 2003
Opinion published January 14, 2004

*Molock Law Firm, P.A.*, by: *Dennis R. Molock*, for appellant Raymond M. Berta.

*Patrick J. Bench*, for appellant James Berta.

*Mike Beebe*, Att'y Gen., by: *Lauren Elizabeth Heil*, Ass't Att'y Gen., for appellee.

JOSEPHINE LINKER HART, Judge. Appellants, Raymond M. Berta and James W. Berta, who were tried together by a jury, were both convicted of the crimes of manufacturing methamphetamine, possession of drug paraphernalia with the intent to manufacture methamphetamine, and misdemeanor endangering the welfare of a minor. Raymond Berta was also convicted of second-offense possession of marijuana, and James Berta was convicted of simultaneous possession of drugs and firearms. Raymond Berta was sentenced to a total of 144 months' imprisonment and a fine of $1,000, and James Berta was sentenced to 300 months' imprisonment and a fine of $1,000.

On appeal, both appellants argue that the circuit court erred in denying their motions to suppress items seized during a search of their residence, contending that the affidavit supporting the search warrant failed to establish a time frame for the events described in the affidavit. Raymond Berta further argues that the circuit court

erred in denying his motion to sever his trial from James Berta's trial. We find both issues meritorious and reverse and remand.

On May 31, 2001, Steve Rich, then of the Lonoke County Sheriff's Department, prepared an affidavit supporting his request for a search warrant to search appellants and their Lonoke residence. His conclusion that items subject to seizure were "now being concealed" was supported by four specific facts, which were as follows:

> FACT #1: On 5-29-01 this officer was contacted by a citizen who advised that he was concerned about activity at [appellants' residence] advising that the chemical odor and heavy traffic that usually followed. Subject also advised that there was lots of late night activity and traffic to the residence. He further stated that there was a small child (6 years of age) living at the residence.
>
> FACT #2: This officer spoke to a reliable (used on several occasions that resulted in arrest) informant who advised that they had been to the residence and saw a meth lab in the bedroom of the home. They further stated that James Berta had a handgun and usually carried it on his person. They also confirmed the presence of the small child and stated that the components and paraphernalia were within reach of the child.
>
> FACT #3: This officer went to the address and did see in plain sight assorted items commonly used to manufacture meth to include cans of camp fuel, empty peroxide bottles, iodine bottles, and a funnel (chemical odor), plastic tubing, and coffee filters with residue. Most of these items were in a burn pile in the rear of the mobile home.
>
> FACT #4: An ACIC check showed Raymond and James both to have several outstanding warrants from local Law Enforcement Agencies. Both Parties also had criminal history for Controlled substance, theft of property and are convicted felons. Last February Little Rock narcotic officers served a search warrant at #30 Cofelt in Jacksonville and Mr. James Berta fled on foot. A meth lab was recovered at this search warrant.

Based on this affidavit, a search warrant was issued for the residence, and numerous items were found at the residence, resulting in various charges being brought against appellants.

In their challenge of the search, both appellants argue that because the affidavit failed to set forth when the observations described in the affidavit were made, the search warrant was defective and the items seized should be suppressed. Raymond Berta further argues that facts one and two failed to establish the reliability of the informants, that fact three was based on the officer's unlawful entry onto the curtilage of appellants' residence, and that fact four contained erroneous and unsubstantiated information regarding Raymond Berta's criminal history. James Berta further argues that fact four cannot be relied upon to establish probable cause for the search.

In reviewing the trial court's denial of a motion to suppress evidence, we conduct a *de novo* review based on the totality of the circumstances, reviewing findings of historical facts for clear error and determining whether those facts give rise to reasonable suspicion or probable cause, giving due weight to inferences drawn by the trial court. *Davis v. State*, 351 Ark. 406, 94 S.W.3d 892 (2003). An affidavit for a search warrant must set forth facts and circumstances establishing probable cause to believe that things subject to seizure will be found in the place to be searched. *Yancey v. State*, 345 Ark. 103, 44 S.W.3d 315 (2001). Because a magistrate must know that at the time of the issuance of the warrant there is criminal activity or contraband where the search is to be conducted, a time reference must be included in the affidavit, and the time that is critical is the time during which the criminal activity or contraband was observed. *Heaslet v. State*, 77 Ark. App. 333, 74 S.W.3d 242 (2002). However, the absence of a reference to time in the affidavit will not render the warrant defective if we can look to the four corners of the affidavit and infer the time during which the observations were made. *Smith v. State*, 79 Ark. App. 79, 84 S.W.3d 59 (2002).

Here, Rich set forth four facts to support his conclusion that certain items were "now being concealed" at appellants' residence. We conclude that the first three facts of the affidavit lack any reference to the time at which the informants and the officer made their observations, and none may be inferred. While the State argues it may reasonably be inferred that the events described were close in time to the signing of the affidavit, we conclude that there is no basis for this inference.

We are not unmindful of *Abshure v. State*, 79 Ark. App. 317, 87 S.W.3d 822 (2002), in which this court held that a time reference must be included in the affidavit for search warrant, but the time may be inferred from the information in the affidavit itself. In that case we affirmed the circuit court's denial of a motion to suppress evidence because the affidavit provided that surveillance of Abshure's residence, during which a strong chemical odor was noticed, was conducted on a specific date noted in the affidavit. In the case at bar, the affidavit states in the first fact that a private citizen contacted the officer on May 29, 2001, informing the officer that he had noticed a chemical odor, had witnessed heavy traffic and late night activity at the residence, and had seen a small child there. Although the affidavit states when the private citizen contacted the officer, it does not state when the private citizen made the observations. In the second fact, the affidavit states that a confidential informant advised the officer that he had seen a meth lab in the bedroom of the house, and that James Berta had a handgun and usually carried it on his person. The informant also confirmed the presence of the small child, further stating that the components and paraphernalia were within reach of the child. Again, unlike *Abshure*, where the date of the observations was stated in the affidavit, the affidavit does not contain a time frame as to when the observations were made. And, finally, in the third fact, the affidavit states that a police officer went to the address and did see in plain sight assorted items commonly used to manufacture methamphetamine. Again, no time is stated as to when the observations were made. Because we find that there is no time reference as to when the observations were made, we find the case at bar distinguishable from *Abshure*.

We note further that in determining whether the affidavit established probable cause, the circuit court specifically eliminated the third fact from the affidavit, concluding that the remainder of the affidavit established probable cause. Finally, the State argues that because the first three facts establish probable cause, any misleading allegations in the fourth fact regarding appellants' criminal history did not render the warrant invalid. In view of our previous conclusions, the State's premise is incorrect. Moreover, a known criminal averment is insufficient to support a finding of probable cause, is not entitled to any weight in a decision on a warrant, and is rejected as not giving rise to any credible inference. *Yancey, supra*. We reverse and remand on this point.

Raymond Berta further argues that the circuit court erred in denying his motion to sever appellants' cases. At trial, his defense was that even though the items were seized at his residence, the drug paraphernalia associated with the manufacture of methamphetamine belonged to James Berta, and it was James Berta who was involved in the manufacture of methamphetamine. He argued that because the circuit court granted James Berta's motion to preclude evidence of prior conduct of James Berta related to the manufacture of methamphetamine, then Raymond Berta was limited in presenting evidence that it was not him, but rather James Berta, who possessed the seized items and was manufacturing methamphetamine at the residence. On appeal, he again urges that appellants' antagonistic defenses demanded severance of their cases.

The circuit court has the discretion to grant or deny a severance of multiple defendants, and on appeal we will not disturb the ruling absent an abuse of that discretion. *Williams v. State*, 338 Ark. 178, 992 S.W.2d 89 (1999). Severance is appropriate when it is necessary for a fair determination of the guilt or innocence of a single defendant. *Id.* When making a decision on severance, the court should consider a number of factors, including whether the defenses of the defendants are antagonistic. *Id.* Antagonistic defenses arise when each defendant asserts his innocence and accuses the other of the crime, and the evidence cannot be successfully segregated. *Echols v. State*, 326 Ark. 917, 936 S.W.2d 509 (1996). However, when there is no reason the jury could not have believed both defenses, the defenses are not antagonistic. *Id.* A trial court is not required to grant a severance of multiple defendants unless their conflicting strategies go to the essence of their defenses and the conflicting strategies are such that their defenses cannot be accommodated by the jury. *Id.*

In sum, Raymond Berta attempted to introduce testimony regarding James Berta's prior conduct involving the manufacture of methamphetamine, while James Berta sought its exclusion, requiring the circuit court to make decisions on what of this evidence would be admissible in assisting Raymond Berta in his defense without prejudicing James Berta. Thus, Raymond Berta was unable to foster his defense that it was James Berta alone who was culpable, while the exclusion of this evidence assisted James Berta by excluding the same evidence of culpability. Thus, their conflicting strategies went to the essence of their defenses, and the

conflicting strategies were such that their defenses could not be accommodated by the jury. Consequently, we conclude that the circuit court abused its discretion in denying Raymond Berta's severance motion and reverse on this point as well. Reversed and remanded.

BIRD and VAUGHT, JJ., agree.