Thomas Lee STONE  *v.*  STATE of Arkansas

CR 06-1129                                    263 S.W.3d 553

Supreme Court of Arkansas
Opinion delivered September 27, 2007

*Knutson Law Firm*, by: *Gregg A. Knutson*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Farhan Khan*, Ass't Att'y Gen., for appellee.

R OBERT L. BROWN, Justice. The appellant, Thomas Lee Stone, was convicted of nine counts of rape for his alleged sexual contact with two young boys. Stone was sentenced to four life sentences plus 100 years imprisonment for all offenses, with all sentences to run consecutively. On appeal, he raises several points for reversal. We affirm.

On September 1, 2004, while looking for juveniles who were allegedly skipping school, Van Buren Police Officer James Blount learned that several juveniles were hiding at Stone's home. Officer Blount referred the matter to Detective Donald Eversole

of the Van Buren Police Department for further investigation. Detective Eversole spoke with several juveniles who had been to Stone's home before questioning Stone. Several of the juveniles indicated to Detective Eversole that Stone had had sexual contact with them and that he had supplied them with money, marijuana, alcohol, and pornographic materials.

Detective Eversole interviewed Stone on September 2, 2004. Stone first denied having had sexual contact with any of the juveniles, but then he admitted to having sexual contact with one juvenile, Ra.M. After receiving Stone's consent, Detective Eversole searched Stone's home and seized items used for smoking marijuana, such as scales and rolling papers, as well as pornographic magazines and videotapes.

A felony information was filed against Stone on October 12, 2004, charging him with ten counts of rape — counts one through four regarding Ri.M., count five regarding C.B., and counts six through ten regarding Ra.M., Ri.M.'s older brother. At the time the felony information was filed, Ri.M., C.B., and Ra.M. were approximately twelve, fourteen, and fifteen years old, respectively. A three-day jury trial began on June 26, 2006, and the jury ultimately convicted Stone of counts one through four and counts six through ten, with regards to Ri.M. and Ra.M. but acquitted Stone of count five regarding C.B. Stone was sentenced for those convictions, as already set out in this opinion. He now appeals from the judgment and commitment order.[1]

## I. Sufficiency of the Evidence

Both Stone and the State agree that Stone's defense counsel at trial did not make a sufficient directed-verdict motion to preserve a challenge to the sufficiency of the evidence on appeal. Rule 33.1(c) of the Arkansas Rules of Criminal Procedure states:

---

[1] The original judgment and commitment order was entered on June 30, 2006, but it omitted the conviction for count 10. Stone filed a notice of appeal on July 7, 2006. On July 14, 2006, an amended judgment and commitment order was entered, which added the conviction for count 10. No amended notice of appeal was filed. Rule 2(b)(1) of the Arkansas Rules of Appellate Procedure – Criminal states that "[a] notice of appeal filed after the trial court announces a decision but before the entry of the judgment or order shall be treated as filed on the date after the judgment or order is entered." We apply Rule 2(b)(1) to the amended judgment in this case and deem the notice of appeal as filed the day after the amended judgment was entered.

A motion for directed verdict or for dismissal based on insufficiency of the evidence must specify the respect in which the evidence is deficient. A motion merely stating that the evidence is insufficient does not preserve for appeal issues relating to a specific deficiency such as insufficient proof on the elements of the offense.

This court has repeatedly said that "a motion for a directed verdict must specifically advise the circuit court about how the evidence was insufficient" in order to preserve a challenge to the sufficiency of the evidence on appeal. *Eastin v. State*, 370 Ark. 10, 15, 257 S.W.3d 58, 62 (2007). In this case, the defense counsel said at the end of the State's case:

> I would move for a directed verdict of acquittal on the basis of the insufficiency of the evidence that the State has presented in its case, and I don't believe there's enough evidence, although, I agree that the court probably could make a finding to the contrary, to submit the case to the jury.

Defense counsel did not specifically advise the circuit court of how the State's evidence was insufficient, and at the end of all evidence, his renewed directed-verdict motion was equally deficient. Any challenge to the sufficiency of the evidence is clearly not preserved. We affirm on this point.

## II. Interviews With Other Juveniles

Stone next claims that the circuit court erred in allowing Detective Eversole to testify about his interviews with juveniles who were not called as witnesses and were not named as victims in the criminal information. Detective Eversole testified that the juveniles' stories were consistent and that their interviews were corroborated by his interview with Stone.

Stone contends that Detective Eversole's testimony was hearsay concerning prior sexual conduct between Stone and the other juveniles who were not witnesses or victims in the case. He further contends that Detective Eversole essentially testified about what the other juveniles told him and that these statements were offered for the truth of the matter asserted or to prove that Stone had sexual contact with the other juveniles. He insists that the statements made by the juveniles were not subject to cross-examination and were extremely prejudicial. Furthermore, he maintains that even if the testimony was admissible under a hearsay

exception, it should have been excluded under Rule 404 of the Arkansas Rules of Evidence, as it was introduced merely to prove bad character. Finally, Stone asserts that even if the testimony was admissible under Rule 404(b), it should have been excluded under Rule 403 of the Arkansas Rules of Evidence because its probative value was substantially outweighed by the danger of unfair prejudice, confusion of the issues, and the potential to mislead the jury.

The State argues that Stone's evidentiary challenges are not preserved, and we agree. This court has said that "in order to preserve a hearsay objection, a defendant must make a timely, specific objection, stating that ground," as a general objection is not sufficient to preserve a specific point. *Howard v. State,* 348 Ark. 471, 493, 79 S.W.3d 273, 286 (2002). In this case, defense counsel never specifically objected to Detective Eversole's testimony on hearsay grounds. When the prosecutor asked Detective Eversole whether he was able to corroborate what the juveniles told him in their interviews, defense counsel objected and argued that the question was "vague, inconsistent, and to corroborate what?" After the prosecutor restated the question, defense counsel said:

> Well, Your Honor, with — I'm going to still object, because I'm not sure that there are about like a dozen boys here. There are three boys named in the Information, which, er, amount to the charges that this jury will be dealing with. And the State has just introduced or — or got this witness to say that the other offenses were committed, and which the defendant has not been charged.

■ During a sidebar conference with the judge, defense counsel argued that Detective Eversole's testimony that he was able to corroborate what the juveniles had told him indicated there were other offenses for which Stone had not been charged. The judge ordered the prosecutor to restate his question and link it just to the three victims named in the charges in the case. The prosecutor did this, and Detective Eversole testified that he was able to corroborate the statements of Ra.M., C.B., and Ri.M. based on his interview with Stone. Defense counsel did not object further. Because defense counsel never specifically objected on hearsay grounds, Stone's hearsay argument is not preserved for appeal. *See Howard, supra.*

Stone also asserts that even if Detective Eversole's testimony was not inadmissible hearsay, it should have been excluded under Rule 404 of the Arkansas Rules of Evidence. That rule states:

(a) *Character Evidence Generally.* Evidence of a person's character or a trait of his character is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion . . .

. . . .

(b) *Other Crimes, Wrong, or Acts.* Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

█ Stone urges on appeal that Detective Eversole's testimony regarding the juveniles he interviewed was improperly introduced merely to prove bad character on the part of Stone and to show that he acted in conformity with prior bad acts. Defense counsel, however, never made this argument to the circuit court, and, as a result, his argument is not preserved for appeal. It is well settled that this court will not address arguments raised for the first time on appeal. *See Young v. State,* 370 Ark. 147, 257 S.W.3d 870 (2007).

█ As a third argument, Stone maintains that Detective Eversole's testimony was inadmissible under Arkansas Rule of Evidence 403 because the probative value of the testimony was substantially outweighed by the danger of unfair prejudice. Rule 403 provides that "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Again, defense counsel failed to make this argument to the circuit court, and, therefore, the argument is not preserved for appeal. *See Young, supra.* We affirm on this point as well.

### III. C.M.

Stone claims next that C.M.'s testimony about his sexual contact with Stone was more prejudicial than probative under Rule 403 and also involved prior bad acts, which are inadmissible under Rule 404.

C.M. testified at trial during direct examination that he had sexual contact with Stone. Defense counsel objected and moved for a mistrial, arguing that C.M. was not one of the victims pursuant to the felony information. The circuit court sustained defense counsel's objection but was not requested by defense counsel to instruct the jury to ignore C.M.'s previous statement. On redirect examination, C.M. testified that the sexual contact occurred while watching a pornographic videotape at Stone's home. Defense counsel again objected, pointing out that C.M.'s testimony was beyond the scope of cross-examination. The circuit court sustained the objection a second time. Defense counsel asked for a mistrial, and the circuit court responded "certainly not . . . . I've sustained your objection both times."

█ Stone contends that C.M.'s testimony violated Rules 403 and 404, but he cites no authority for his proposition. His argument on this issue in his brief consists of over two pages of quotations from the record of C.M.'s testimony and the arguments made by the prosecutor and defense counsel to the circuit court, one paragraph conceding that the circuit court's rulings were unclear, and two sentences stating that Rules 403 and 404 were violated. It is well settled that this court will not consider arguments on appeal that are not supported by citations to legal authority or by convincing arguments. *See Young, supra.* For this reason alone, this court should not consider Stone's arguments. Moreover, Stone never argued to the circuit court that C.M.'s testimony violated Rules 403 or 404. As already discussed, this court does not consider arguments made for the first time on appeal. *See Young, supra.* We affirm on this point.

### IV. Expunged Record

█ Stone contends as his fourth point that the circuit court abused its discretion in allowing the prosecutor to introduce into evidence his expunged conviction for carnal abuse during the sentencing phase of his trial. Stone urges that the conviction is eighteen years old, and not only has it been expunged, but it was also based on a plea of *nolo contendere* rather than a guilty plea. Stone insists that this court should now make a distinction between an expunged conviction based on a plea of *nolo contendere* and one based on a guilty plea. He maintains that the jury placed excessive weight on the expunged conviction and that he was unduly prejudiced by its admission as a result.

State law provides what evidence is relevant during the sentencing phase:

> . Evidence relevant to sentencing by either the court or a jury may include . . .
>
> . . . .
>
> (2) Prior convictions of the defendant, both felony and misdemeanor. The jury may be advised as to the nature of the previous convictions, the date and place thereof, the sentence received, and the day of release from confinement or supervision from all prior offenses;

Ark. Code Ann. § 16-97-103 (Repl. 2006).

During the sentencing phase of trial, defense counsel objected to the introduction of Stone's prior expunged conviction for carnal abuse in the first degree. Defense counsel argued that an expunged conviction should be treated as if the defendant had never been convicted, and he tendered the Certificate of Expungement for admission into evidence. The circuit court ruled that the expunged conviction could be introduced to the jury. When the prosecutor moved to introduce the expunged conviction, defense counsel renewed his objection. Defense counsel, however, never argued to the circuit court that Stone's expunged conviction was based on a plea of *nolo contendere* and should be treated differently from an expunged conviction based on a guilty plea. In short, Stone raises this argument for the first time on appeal, and it should not be addressed by this court. *See Young, supra.*

### V. Rule 4-3(h) Compliance

In accordance with Rule 4-3(h) of the Arkansas Supreme Court Rules and Ark. Code Ann. § 16-91-113, the record has been reviewed for all objections, motions, and requests made by either party, which were decided adversely to Stone, and no prejudicial error has been found.

Affirmed.