2010 Ark. App. 628

**Lori Sue DRAPER, Appellant**

v.

**STATE of Arkansas, Appellee.**

**No. CA CR 10–209.**

Court of Appeals of Arkansas.

Sept. 22, 2010.

Kris Alan Higdon, El Dorado, for appellant.

Dustin McDaniel, Atty. Gen., Kathryn Henry, Little Rock, for appellee.

KAREN R. BAKER, Judge.

On September 23, 2009, a jury in Sebastian County convicted appellant Lori Sue Draper of one count of possession of methamphetamine and one count of possession of drug paraphernalia. Appellant was sentenced to ten years on each count with five suspended for each count, with the sentences to run consecutively. Appellant filed a timely notice of appeal on October 12, 2009. On appeal, appellant challenges the sufficiency of the evidence to support both convictions. We affirm.

## I. Statement of the Facts

The charges against appellant arose on December 27, 2008 when Detective Cody Elliott of the street crimes division of the Fort Smith Police Department was dispatched to room number 18 at the Capri Motel. The motel manager stated that the room had been rented in appellant's name for two days. Detective Elliott testified that the motel is known for its occupants engaging in drug activity and prostitution. After knocking on the door, Det. Elliott stated that a male, Jackie Smith, answered holding a crack pipe. The detective also found a box in Smith's pocket containing three baggies with a substance later identified as methamphetamine. As Smith was being placed under arrest for possession of drugs and possession of drug paraphernalia, appellant came out of the bathroom and jumped on the bed. Detective Elliott testified that it was approximately one-and-a-half minutes from the time he entered the room until appellant appeared. Officer Chris McCoy testified that he watched appellant while Det. Elliott placed Smith in the patrol car.

When Det. Elliott came back to the room, he assumed that appellant was under the influence of drugs as she appeared nervous, agitated, and was twitching. He stated that she was clutching a purse that she never denied was hers in a manner suggesting something in it needed to be concealed. He asked for permission to examine the purse and she agreed. Detective Elliott testified that he took the purse and dumped its contents on the bed. Some of the items that fell out were a hairbrush, makeup, and a silver and glass tin container with a bow on it. Inside of the tin, he found a brown bottle with what appeared to be methamphetamine residue.

In testifying, a forensic chemist from the Arkansas State Crime Lab identified the residue as methamphetamine and dimethyl sulfone, which is a common cutting agent used to increase the weight of the drug. The chemist added that the presence of residue was indicative of the bottle having been used to store methamphetamine at some point.

After removing the bottle and a piece of Styrofoam or packing material from the tin, Det. Elliott found two small baggies that contained a crystalline substance, later identified as methamphetamine and dimethyl sulfone. He stated that appellant never denied the tin was hers, and asserted that Smith had given to her a ring in it that day because it was her birthday. While in the motel room, Det. Elliott noticed appellant sitting on the sleeve of a denim jacket, and for his safety, he checked it for weapons. He shook the jacket, and out of one pocket fell a syringe housing a clear liquid substance that was later identified as methamphetamine and dimethyl sulfone. In searching the other pocket, he found some unused syringes still in the plastic. Other items that he noticed in the room were duffle bags, male and female clothing and accessories, appellant's glasses, food, and a curling iron. Detective Elliott arrested appellant, and he testified that only then did Smith state that all of the drugs were his.

Smith appeared as a witness for appellant. He testified that he and appellant were lovers and that they had been living together for about ten or eleven months at a location about two miles from the motel. Smith said the reason that they were at the motel was to allow some friends to stay at their place, and he verified that appellant had clothes and possessions in the room. Smith testified that he never gave appellant the tin container with the bow on it, just the ring. He claimed that he put two baggies of drugs in the tin and placed it behind the television and a wall, and that appellant must have gotten the box from behind the television when he was being taken to the police car. Smith stated the denim jacket was his although he did not know its size, brand, where it was purchased, how much it cost, or even its location at the time of trial. Smith testified that while appellant was away from the room on December 27, 2008, he got a syringe out of his jacket, loaded it with methamphetamine, and placed it in a dresser drawer. He had no idea what appellant was wearing on the day of their arrest, and he denied ever using drugs with appellant in the two years prior to the date of their arrests. He testified that he did not look in appellant's purse that day.

The State introduced into evidence, without objection, the following items: 1) the crack pipe Smith had in his hand when he opened the door; 2) the unused syringes in the clear plastic and the methamphetamine-filled syringe found in the denim jacket; 3) the brown bottle, plastic baggies that contained methamphetamine, tin, and Styrofoam that were in the purse; and 4) the box that was in Smith's pocket. The lab reports showing the results of the analysis of the items were introduced. Paul Smith, a narcotics detective with the Fort Smith Police Department, testified that the following items in this case were drug paraphernalia: 1) baggies; 2) syringes; and 3)packing materials used to hide the drugs such as the Styrofoam and the tin.

## II. Sufficiency of the Evidence

We treat a motion for a directed verdict as a challenge to the sufficiency of the evidence. *Saul v. State*, 365 Ark. 77, 81, 225 S.W.3d 373, 377 (2006) (citing *Tillman v. State*, 364 Ark. 143, 217 S.W.3d 773 (2005)); *Ingle v. State*, 2010 Ark. App. 410,

379 S.W.3d 32. The test for determining the sufficiency of the evidence is whether the verdict is supported by substantial evidence, direct or circumstantial. *Walley v. State,* 353 Ark. 586, 112 S.W.3d 349 (2003). Substantial evidence is that "which is of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other, without resorting to speculation or conjecture." *Saul v. State,* 365 Ark. at 81, 225 S.W.3d at 377. With regard to circumstantial evidence, such evidence may provide a basis to support a conviction, but it must be consistent with the defendant's guilt and inconsistent with any other reasonable conclusion. *Id.* When we review a challenge to the sufficiency of the evidence, this court views the evidence in the light most favorable to the State, and only evidence supporting the verdict will be considered. *Walley v. State,* 353 Ark. 586, 112 S.W.3d 349 (2003) (citing *Smith v. State,* 352 Ark. 92, 98 S.W.3d 433 (2003)). Furthermore, a jury need not lay aside its common sense in evaluating the ordinary affairs of life, and it may infer a defendant's guilt from improbable explanations of incriminating conduct. *Id.*

Appellant alleges error in the trial court's denial of her motion for a directed verdict. Specifically, she asserts that the State failed in its burden to show that she constructively possessed the drugs found in three locations: 1) her purse; 2) the denim jacket; and 3) Jackie Smith's pockets. Appellant was found guilty of one count of possession of methamphetamine. Under § 5–64–401(c)(1) of the Arkansas Criminal Code: "It is unlawful for any person to possess a controlled substance...." Ark.Code Ann. § 5–64–401(c)(1) (Supp.2009). She was also found guilty of one count of possession of drug paraphernalia under § 5–64–403(c)(1)(A)(i) of the Arkansas Criminal Code: "It is unlawful for any person to ... possess

with intent to use ... drug paraphernalia...." Ark.Code Ann. § 5–64–403(c)(1)(A)(I) (Supp.2009). The term "drug paraphernalia" includes any kind of product or material that can be used for the storing, containing, injecting, ingesting, or otherwise introducing a controlled substance into the human body. Ark.Code Ann. § 5–64–101(14)(A) (Supp.2009).

In *Walley v. State,* 353 Ark. 586, 112 S.W.3d 349 (2003), the Arkansas Supreme Court analyzed a claim of sufficiency of the evidence when two or more persons occupy the location where contraband is found.

> Under our law, it is clear that the State need not prove that the accused physically possessed the contraband in order to sustain a conviction for possession of a controlled substance if the location of the contraband was such that it could be said to be under the dominion and control of the accused, that is, constructively possessed....
>
> Constructive possession can be implied when the controlled substance is in the joint control of the accused and another. Joint occupancy, though, is not sufficient in itself to establish possession or joint possession. There must be some additional factor linking the accused to the contraband. The State must show additional facts and circumstances indicating the accused's knowledge and control of the contraband.

353 Ark. 586, 595, 112 S.W.3d 349, 353–54 (2003) (citations omitted). Building on this analysis, in *Holt v. State,* 2009 Ark. 482, 348 S.W.3d 562, the court added,

> In order to prove constructive possession, the State must establish two elements: "(1) that the accused exercised care, control, and management over the contraband, and (2) that the accused knew the matter possessed was contraband."

An additional factor is necessary to link the accused to the contraband in joint occupancy situations. "It cannot be inferred that one in non-exclusive possession of premises knew of the presence of drugs and had joint control of them unless there were other factors from which the jury can reasonably infer the accused had joint possession and control."

*Id.* at 6, 348 S.W.3d at 567 (citations omitted). Other indicators of possession are ownership of the property where the contraband is found, *Abshure v. State,* 79 Ark.App. 317, 87 S.W.3d 822 (2002), and an accused's suspicious behavior coupled with proximity to the contraband. *See Heard v. State,* 316 Ark. 731, 876 S.W.2d 231 (1994).

Appellant argues that there was no evidence showing she knew that the tin found in her purse contained methamphetamine. The State argues that this issue is not preserved for review.

After the State rested its case, appellant's counsel made the following motion:

I would move for a directed verdict in favor of the Defendant in this case. The State has to have—prove enough evidence by a preponderance of the evidence in order to carry this case over to a jury wherein the jury would not be basically guessing or surmising as to the guilt or innocence of this Defendant. That in particular the State has failed to link the evidence, whether the named evidence is E–1–A, B, or C, and that would cause some jury to have to guess. Number two, the items that were found in the denim jacket, didn't Mr. Smith say that all the drugs and paraphernalia belonged to him. That particularly the items that were placed in the denim jacket, as to the charges relating to those, that ... should be ... certainly thrown out. There has been no link of the items in the denim jacket with this Defendant other than that she came out, when ordered to come out she came out and sat down on the only bed in the room and that happened to be where the jacket was, but there has been no testimony whatsoever as to who that jacket belonged to. I would submit in that regard that the only thing that the State might be able to carry forward on are the issues of what was found in the purse that belonged to—was shown to belong to Ms. Draper.

The court denied that motion, and at the conclusion of all of the evidence, appellant's counsel renewed her directed-verdict motion, which the court denied.

Our law is very well settled that arguments not raised at trial will not be addressed for the first time on appeal. *Rounsaville v. State,* 372 Ark. 252, 273 S.W.3d 486 (2008). In fact, as appellant conceded that the State had met its burden regarding the drug-related items found in the purse, then, she can not now in good faith assert otherwise. *Smith v. State,* 2010 Ark. App. 135, 374 S.W.3d 124; *Stone v. State,* 371 Ark. 78, 263 S.W.3d 553 (2007).

Because appellant waived the sufficiency-of-the-evidence argument regarding the items found in her purse, sufficient evidence supports the jury's verdict. The purse contained at least two batches of methamphetamine and four separate items of drug paraphernalia and those items alone provided sufficient evidence to support appellant's convictions; therefore, we need not reach appellant's remaining arguments. We hold that the trial court did not err in denying appellant's motions for directed verdict.

Affirmed.

GRUBER and HENRY, JJ., agree.