SLIP OPINION



Cite as 2014 Ark. App. 662

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR-14-103

| | |
|---|---|
| WILLIE RAY PORCHIA<br>APPELLANT | **Opinion Delivered** November 19, 2014 |
| V. | APPEAL FROM THE OUACHITA COUNTY CIRCUIT COURT<br>[NO. CR-10-162] |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE EDWIN KEATON, JUDGE |
| | AFFIRMED |

## PHILLIP T. WHITEAKER, Judge

Willie Ray Porchia was convicted by a Ouachita County jury of four counts of delivery of a controlled substance (crack cocaine) within 1,000 feet of a church. He was sentenced as a habitual offender to four ten-year terms for the underlying delivery convictions and four ten-year terms on the proximity enhancement, to be served consecutively. He appeals his convictions, arguing that the trial court erred in (1) allowing the State to introduce into evidence several still photos taken from the videos of the controlled buys and (2) failing to instruct the jury that he was not eligible for early release or transfer on the enhanced portion of his sentence. Because neither argument was preserved for appeal, we affirm.

The facts surrounding the charges below are undisputed. In February and March 2010, the Arkansas State Police conducted four, separate, controlled buys using Tina Edwards as a confidential informant. Each controlled buy followed the same procedure. In each instance,

after being searched and provided with buy money, Edwards contacted Porchia at his residence and purchased twenty dollars in crack cocaine. Edwards video recorded each purchase. At trial, the State, over Porchia's objections, introduced into evidence not only the recorded video of the alleged buys, but also several still photographs captured from the video.

The jury ultimately convicted Porchia on all four counts of delivery of a controlled substance and the corresponding sentencing enhancements for the delivery occurring within 1,000 feet of a church.[1] The jury was instructed that it could consider the fact that Porchia might be eligible for early release or transfer to the Department of Community Correction. The court did not instruct the jury that the sentencing provisions on early release and transfer were unavailable for the sentencing enhancements. The jury sentenced Porchia as a habitual offender to four ten-year terms for the underlying delivery convictions and four ten-year terms on the proximity enhancement to be served consecutively.

Porchia first asserts that the trial court erred in admitting the still photographs into evidence. At trial, counsel argued that the still photographs were inadmissible as cumulative. Counsel stated:

> Your Honor, I would object because I don't understand the purpose of it. It's already been introduced as a video. Why you would do still pictures of the same thing? The jury has had an opportunity to use, to view that video, and these are still pictures taken of various, I guess, scenes off the video, I'm not sure of the purpose of them.

However, this is not the argument being made on appeal. On appeal, he argues that the photographs were admitted without the proper foundation and authentication. An

---

[1]The residence where the buys occurred was located approximately 570 feet from the Faith Temple Apostolic Church.

appellant may not change the basis of an objection on appeal. *Green v. State*, 330 Ark. 458, 956 S.W.2d 849 (1997). Instead, appellant is bound by the scope and nature of the arguments made at trial. *Abshure v. State*, 79 Ark. App. 317, 87 S.W.3d 822 (2002). Because Porchia did not make the lack-of-foundation or authentication arguments to the trial court, they are not preserved for appeal.

Porchia next argues that the trial court erred in failing to instruct the jury that he was ineligible for early release or transfer on the enhanced portion of his sentence. This argument is likewise not preserved for review. Appellant never raised an objection to the instruction before the trial court, nor did appellant proffer another instruction. This court will not address objections concerning jury instructions that were not first presented to the trial court and where no proffer of another instruction was made. *See Willis v. State*, 334 Ark. 412, 977 S.W.2d 890 (1998).

Affirmed.

PITTMAN and GLOVER, JJ., agree.

*Margaret Egan*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Rachel Kemp*, Ass't Att'y Gen., for appellee.